Filed 3/25/15  P. v. Hurst CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

|  |  |
|---|---|
| THE PEOPLE, Plaintiff and Respondent, v. PATRICK DORIAN HURST, Defendant and Appellant. | D065352 (Super. Ct. No. SCS266869) |

APPEAL from a judgment of the Superior Court of San Diego County, Alvin E. Green, Jr., Judge.  Affirmed as modified and remanded with directions.

Coughlan, Semmer, Fitch & Pott and Earll M. Pott; David K. Rankin, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Julie L. Garland, Assistant Attorney General, Barry Carlton and James H. Flaherty III, Deputy Attorneys General, for Plaintiff and Respondent.

A jury convicted Patrick Dorian Hurst of importation of a controlled substance. (Health & Saf. Code, § 11379, subd. (a).) The court sentenced him to four years in state prison and imposed different fines and fees, including a $615 drug program fee (Health & Saf. Code, § 11372.7, subd. (a)) and a $154 criminal justice administration fee (booking fee; Gov. Code, § 29550 et seq.)

Hurst contends: (1) the court violated his constitutional right to due process by failing to make a finding regarding his ability to pay the booking fee and drug program fee, or to ensure the booking fee did not exceed actual administrative costs incurred; (2) his counsel provided ineffective assistance by failing to object to imposition of the fees without the statutorily required factual findings; and (3) the court erroneously calculated his actual custody credits. We find merit in the last contention only, and modify his custody credits. As so modified, we affirm the judgment and remand with directions.

FACTUAL AND PROCEDURAL BACKGROUND

Hurst was convicted based on testimony that he tried to cross the border from Mexico to the United States carrying 861.4 grams of methamphetamine.

At sentencing, the court followed the probation department's recommendation and ordered Hurst to pay the booking fee and a drug program fee. Hurst did not object to the fees in his sentencing brief or at the sentencing hearing. The court awarded Hurst 131 actual days and 130 conduct credits under Penal Code section 4019, for a total of 261 days of presentence credit.

DISCUSSION

I.

A. *Booking Fee*

Hurst contends that the trial court's failure to find he was able to pay the booking fee was a violation of his procedural due process rights. He further contends that the error was prejudicial and reversible because the record does not contain substantial evidence that he had the means to pay the $154 booking fee.

Hurst relies on Penal Code section 987.8, subdivision (g),[1] which outlines criteria for a court to make an ability to pay determination. He also attempts to distinguish this case from *People v. McCullough* (2013) 56 Cal.4th 589 (*McCullough*), in which the California Supreme Court held that a defendant forfeits an appellate challenge to the sufficiency of evidence supporting a jail booking fee imposed under Government Code section 29550.2, subdivision (a) if the fee is not first challenged in the trial court. (*McCullough,* at p. 597.)

---

[1] Penal Code section 987.8, subdivision (g)(2) states that a defendant's ability to pay refers to his or her overall capability to reimburse the costs of the legal assistance received, and shall include: "(A) The defendant's present financial position. [¶] (B) The defendant's reasonably discernible future financial position. In no event shall the court consider a period of more than six months from the date of the hearing for the purposes of determining the defendant's reasonably discernible future financial position. Unless the court finds unusual circumstances, a defendant sentenced to state prison shall be determined not to have a reasonably discernible future financial ability to reimburse the costs of his or her defense. [¶] (C) The likelihood that the defendant shall be able to obtain employment within a six-month period from the date of the hearing. [¶] (D) Any other factor or factors which may bear upon the defendant's financial capability to reimburse the county for the costs of the legal assistance provided to the defendant."

Hurst specifically argues: "*McCullough* . . . is not dispositive of the instant case. First, the Supreme Court only considered the insufficiency of the evidence of ability to pay under Government Code section[ ] 29550.2, subdivision (a), not the statute's further requirement that the fee not exceed the actual costs [of] a defendant's arrest and booking."

While this case was pending on appeal, the California Supreme Court decided *People v. Aguilar* (2015) 60 Cal.4th 862, which addressed the same issue presented here of whether appellate forfeiture rules applied in a case where the "defendant contended the court imposed these [booking] fees without making a finding of his ability to pay (and, in the case of the booking fee, without evidence in the record of the actual costs of the governmental services to be reimbursed through such fees) as required by [case law]." (*Aguilar,* at p. 865.)

The *Aguilar* court summarized the defendant's contention as follows: "[D]efendant here relies on the specification in . . . [Penal Code section] 987.8 of certain procedural requirements not contained in the booking fee statutes [citation] in an effort to distinguish our decision in [*McCullough, supra,* 56 Cal.4th 589], which held that challenges to the imposition of booking fees are forfeited unless made at sentencing. . . . [T]he effort is unavailing." (*Aguilar, supra,* 60 Cal.4th at pp. 866-867.) In rejecting the defendant's arguments, the court reasoned that the defendant had an opportunity to object to the fees "when the court, at sentencing, announced the fees it was imposing, which largely tracked those recommended in the presentence investigation report"; but the defendant did not avail himself of the opportunity. (*Aguilar,* at pp. 867-868.)

4

*McCullough* and *Aguilar* control this case, and therefore Hurst's appellate claim is forfeited because he likewise failed to first object to the booking fee in the trial court.

## B. *Drug Program Fee*

Health and Safety Code section 11372.7 governs the imposition of mandatory drug program fees. The statute requires a court to consider whether the defendant has an ability to pay the drug program fee. (Health & Saf. Code, § 11372.7, subd. (b).) If a court finds the defendant does not have an ability to pay the drug program fee, he or she will not be required to pay it. (*Ibid.*)

For a defendant to challenge a trial court's determination of his or her ability to pay a fee on appeal, the defendant must raise the issue in the trial court to preserve the objection on appeal. (*McCullough, supra,* 56 Cal.4th at p. 597.) To preserve a challenge to a fee or fine based on ability to pay, a defendant must object in the trial court; failure to raise the issue waives the right to contest it on appeal. (*People v. Crittle* (2007) 154 Cal.App.4th 368, 371; *People v. Gibson* (1994) 27 Cal.App.4th 1466, 1468-1469.) Where the court's imposition of a fee is based on "factual determinations, a defendant who fails to challenge the sufficiency of the evidence at the proceeding when the fee is imposed may not raise the challenge on appeal." (*McCullough*, at p. 597.)

Hurst forfeited his objection to the drug program fee by not asserting it at the sentencing hearing. (*McCullough, supra,* 56 Cal.4th at p. 597.)

## II.

Hurst alternatively argues that he received ineffective assistance of counsel. "To establish ineffective assistance of counsel, a defendant must show (1) counsel's

5

performance was deficient and fell below an objective standard of reasonableness and (2) it is reasonably probable that a more favorable result would have been reached absent the deficient performance. [Citation.] A reasonable probability is a 'probability sufficient to undermine confidence in the outcome.' " (*People v. Jones* (2013) 217 Cal.App.4th 735, 746-747.)

Hurst must show ineffective assistance by a preponderance of the evidence. (*People v. Powell* (2011) 194 Cal.App.4th 1268, 1298.) " 'Failure to object rarely constitutes constitutionally ineffective legal representation.' " (*People v. Gray* (2005) 37 Cal.4th 168, 207.) In consideration of a claim of ineffective assistance of counsel, we are limited to the matters illuminated by the record on appeal. (*Ibid.*)

Nothing in the record explains why defense counsel did not object to the imposition of the booking and drug program fees. We disagree that the only satisfactory explanation for trial counsel's failure to object and request a hearing on ability to pay is ineffective assistance. At sentencing, defense counsel requested the court strike defenant's strike convictions. It is reasonable to conclude that defense counsel was arguing the point important to his client—a reduced prison stay—and that Hurst was not concerned with the fees involved here. We also note that the record supports an implied finding of an ability to pay. "Ability to pay does not necessarily require existing employment or cash on hand." (*People v. Staley* (1992) 10 Cal.App.4th 782, 785.) In determining whether a defendant has the ability to pay a court is not limited to considering a defendant's present ability, but may consider a defendant's ability to pay in the future. This includes the defendant's ability to obtain prison wages and to earn money

6

after his release from custody.  (Accord, *People v. Hennessey* (1995) 37 Cal.App.4th 1830, 1837.)  Hurst was 23 years old at the time of the hearing, and he had obtained his GED in 2008.  There is no basis in the record for concluding Hurst was unable to work in prison to pay the fees.  We conclude he has not met his burden of establishing ineffective assistance of counsel.

III.

Hurst and the People agree that for purposes of calculating his custody credits, he was incarcerated in county jail from September 1, 2013, until January 10, 2014, when he was sentenced; however, they disagree on how many custody credits he was entitled to receive.  We conclude the court should have awarded Hurst credit for 132 days of actual custody and corresponding conduct credits, and it should do so on remand.  (Pen. Code, § 4019, subd. (f); *People v. Rajanayagam* (2012) 211 Cal.App.4th 42, 48.)

DISPOSITION

We modify Patrick Dorian Hurst's custody credits to reflect that he is entitled to 132 actual custody days and corresponding conduct credits under Penal Code section 4012. As so modified, the judgment is affirmed. On remand, the trial court is directed to amend the abstract of judgment in accordance with this opinion and to forward a certified copy of the amended abstract to the Department of Corrections and Rehabilitation.


O'ROURKE, J.

WE CONCUR:

NARES, Acting P. J.

IRION, J.