Filed 4/29/16  P. v. Miller CA4/2

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION TWO

|   |   |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>v.<br><br>JUSTIN MARTIN MILLER,<br><br>      Defendant and Appellant. | E063505<br><br>(Super.Ct.No. RIF1403935)<br><br>OPINION |

APPEAL from the Superior Court of Riverside County.  Becky Dugan, Judge.

Affirmed.

Richard Jay Moller, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Barry Carlton, Seth Friedman and Sabrina Y. Lane-Erwin, Deputy Attorneys General, for Plaintiff and Respondent.

1

INTRODUCTION

Defendant Justin Martin Miller appeals from an order denying his petition for resentencing under Penal Code section 1170.18.[1] Defendant contends that his conviction of burglary (§ 459) should be reduced to misdemeanor shoplifting (§ 459.5), and his conviction of acquisition or retention of access card account information (§ 484e, subd. (d)) should be reduced to petty theft (§ 490.2). He further contends that equal protection principles require treating his offenses as misdemeanors. We will affirm.

FACTS AND PROCEDURAL BACKGROUND

On September 12, 2014, defendant entered a plea of guilty to second degree commercial burglary (Pen. Code, § 459—count 1); acquisition or retention of access card account information (Pen. Code, § 484e, subd. (d)—count 2); misdemeanor use of an access card with intent to defraud (Pen. Code, § 484g, subd. (d)—count 3); and misdemeanor possession of drug paraphernalia (Health and Saf. Code, § 11364.1— count 4). He also admitted a prior strike, a robbery in 2010. (Pen. Code, §§ 667, subds. (c), (e)(1), 1170.12, subd. (c)(1).)

At the plea hearing, defendant admitted that on April 3, 2014, he "went into a building with the intent to use a credit card that [he] knew didn't belong to [him] to take advantage of that, that [he] had gotten that credit card illegally, stolen it in some way, and [he was] going to use it." The trial court imposed a sentence of one year four months for each of counts 1 and 2 but stayed the sentence for count 2 under section 654. The

_____

[1] All further statutory references are to the Penal Code unless otherwise indicated.

2

sentence was to run consecutively to defendant's sentence in a case in Los Angeles County.

On November 19, 2014, defendant filed a petition for resentencing. The People responded that defendant did not enter a commercial establishment and, therefore, was not entitled to relief on the second degree burglary charge in count 1 (§ 459), but conceded that defendant *was* entitled to resentencing on the acquisition or retention of access card account information charge in count 2 (§ 484e, subd. (d)).[2]

The trial court denied resentencing of the second degree burglary count (§ 459) on the ground that the Best Western hotel is not a commercial establishment, and denied resentencing on the acquisition or retention of access card account information charge (§ 484e, subd. (d)) on the ground it was not a qualifying felony.

On February 18, 2015, the court filed a letter from defendant requesting reconsideration of the ruling. Defendant stated that he was charged with credit card fraud and second degree burglary. He claimed he did not commit burglary but admitted to credit card fraud. He also argued that the Best Western hotel is a business establishment. He indicated that he had paid for a key in order to access the establishment. The trial court denied the request.

On February 26, 2015, the court filed a second letter from defendant requesting to withdraw his plea on the ground that he had been pressured into entering the plea and

_____

[2] We are not bound by that concession. (See, e.g., *People v. Jones* (2013) 217 Cal.App.4th 735, 744 & fn. 4 [rejecting the People's concession as to an issue of law].) The Attorney General correctly contends on appeal that resentencing was unavailable for count 2.

also requesting resentencing under Proposition 47.  That request was also denied by the trial court.

On April 14, 2015, the court filed defendant's third letter, in which he requested a hearing under Proposition 47.  In the letter, defendant asked the court to explain how his conviction for second degree burglary (§ 459) was not a commercial burglary.  Defendant wrote that the burglary involved an "owned business establishment," which falls under Proposition 47, and that the amount of the burglary was under $900.  The trial court also denied that request.  This appeal ensued.

DISCUSSION

**Standard of Review**

When interpreting a voter initiative, "we apply the same principles that govern statutory construction."  (*People v. Rizo* (2000) 22 Cal.4th 681, 685.)  We first look "'to the language of the statute, giving the words their ordinary meaning.'"  (*Ibid.*)  We construe the statutory language "in the context of the statute as a whole and the overall statutory scheme."  (*Ibid.*)  If the language is ambiguous, we look to "'other indicia of the voters' intent, particularly the analyses and arguments contained in the official ballot pamphlet.'"  (*Ibid.*)

**Overview of Proposition 47 and Section 1170.18**

On November 4, 2014, voters approved Proposition 47, the Safe Neighborhoods and Schools Act, which went into effect the next day.  (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1089.)  Proposition 47 reduced certain drug- and theft-related crimes from felonies or wobblers to misdemeanors for qualified defendants and added, among

4

other statutory provisions, section 1170.18. Section 1170.18 creates a process through which persons previously convicted of crimes as felonies, which would be misdemeanors under the new definitions in Proposition 47, may petition for resentencing. (See generally *People v. Lynall* (2015) 233 Cal.App.4th 1102, 1108-1109.) Specifically, section 1170.18, subdivision (a), provides: "A person currently serving a sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under [Proposition 47] . . . had [Proposition 47] been in effect at the time of the offense may petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing in accordance with Sections 11350, 11357, or 11377 of the Health and Safety Code, or Section 459.5, 473, 476a, 490.2, 496, or 666 of the Penal Code, as those sections have been amended or added by [Proposition 47]."

**Conviction of Second Degree Burglary**

Defendant contends that his conviction of second degree burglary (§ 459) should be reduced to misdemeanor shoplifting (§ 459.5). The People point out that Proposition 47 does not address section 459 as an offense eligible for resentencing or reclassification as a misdemeanor, and section 459 is not included in the list of offenses set forth in section 1170.18, subdivision (a), for which sentencing relief may be appropriate.

Nonetheless, Proposition 47 added section 459.5, subdivisions (a) and (b), which provides: "(a) Notwithstanding Section 459, shoplifting is defined as entering a commercial establishment with intent to commit larceny while that establishment is open during regular business hours, where the value of the property that is taken or intended to

5

be taken does not exceed nine hundred fifty dollars ($950).  Any other entry into a commercial establishment with intent to commit larceny is burglary.  Shoplifting shall be punished as a misdemeanor [with exceptions not here relevant].  [¶]  (b) Any act of shoplifting as defined in subdivision (a) shall be charged as shoplifting.  No person who is charged with shoplifting may also be charged with burglary or theft of the same property."

Although we conclude that defendant's burglary conviction potentially qualified for resentencing under section 1170.18, a defendant seeking relief under section 1170.18 ""'"has the burden of proof as to each fact the existence or nonexistence of which is essential to the claim for relief or defense he is asserting."'"  (*People v. Sherow* (2015) 239 Cal.App.4th 875, 879.)  Here, defendant failed to establish that the value of the property taken or intended to be taken upon his entry into the hotel was of a value of $950 or less.  We therefore conclude the trial court properly denied defendant's request for resentencing of his section 459 conviction; however, our affirmance of the trial court's order is without prejudice to consideration of a petition that makes the necessary showing.  (*Sherow*, at p. 881.)

### Conviction of Access Card Information Offense

Defendant also sought resentencing of his section 484e, subdivision (d) conviction.  He contends (1) that statute defines a theft crime, (2) the value of the access card account information he possessed was less than $950, and (3) his crime should be reclassified as a misdemeanor under section 490.2.

6

The Supreme Court has granted review in cases addressing whether Proposition 47 applies to such offenses. (*People v. Grayson* (2015) 241 Cal.App.4th 454, review granted Jan. 20, 2016, S231757); *People v. Cuen* (2015) 241 Cal.App.4th 1227, review granted Jan. 20, 2016, S231107; *People v. Romanowski* (2015) 242 Cal.App.4th 151, review granted Jan. 20, 2016, S231405.)

As the People point out, Proposition 47 does not address a violation of section 484e, subdivision (d), as an offense eligible for resentencing or reclassification as a misdemeanor, and that offense is not included in the list of crimes set forth in section 1170.18, subdivision (a), for which sentencing relief may be appropriate.

However, Proposition 47 added section 490.2, subdivision (a), which provides in pertinent part: "Notwithstanding Section 487 or any other provision of law defining grand theft, obtaining any property by theft where the value of the money, labor, real or personal property taken does not exceed nine hundred fifty dollars ($950) shall be considered petty theft and shall be punished as a misdemeanor . . . ." "Petty theft is punishable by fine not exceeding one thousand dollars ($1,000), or by imprisonment in the county jail not exceeding six months, or both." (§ 490.) A conviction that would have been petty theft under section 490.2, had Proposition 47 been in effect at the time, is eligible for reclassification and resentencing under section 1170.18.

On its face, section 490.2 applies to all theft convictions if the value of the property acquired did not exceed $950. Acquiring or retaining access card account information is statutorily defined as grand theft (§ 484e, subd. (d)), so it necessarily follows that the offense should qualify as petty theft under section 490.2 and for

7

resentencing under section 1170.18. However, as with his burglary conviction, defendant failed to establish that the value of the property at issue was $950 or less. We therefore conclude the trial court properly denied defendant's request for resentencing of his section 484e, subdivision (d), conviction. Our affirmance of the trial court's order is without prejudice to consideration of a petition that makes the necessary showing. (*Sherow*, *supra*, 239 Cal.App.4th at p. 881.)

**Equal Protection**

Defendant contends that equal protection principles require treating his offenses as misdemeanors. Because we determine that defendant's convictions are potentially subject to reduction or reclassification, his equal protection challenge is moot.

### DISPOSITION

The order appealed from is affirmed without prejudice to consideration of a subsequent petition that makes the necessary showing.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
J.

I concur:


RAMIREZ
P. J.

8

MILLER, J., Concurring and Dissenting.

I concur in the majority's finding that defendant's conviction of acquiring or retaining access card account information could qualify as petty theft under Penal Code section 490.2.[1] I respectfully dissent to that part of the opinion that finds defendant failed to prove the value of the access card and access card information was less than $950.

The value of the access card and the account information on the card acquired by defendant had minimal value until it was used. Section 484g prohibits the use of an access card or access card information and concludes such use constitutes grand theft if the value of the money, goods, services, or other things of value exceeds $950 in any six-month consecutive period. Here, the value of the access card and access card account information necessarily involved a value less than $950 because the intrinsic value of acquiring and retaining access card account information is minimal. Accordingly, the trial court should have found that defendant's conviction under section 484e, subdivision (d), was a misdemeanor pursuant to section 490.2, subdivision (a).

Further, I concur with the majority's determination that defendant's second degree burglary, which was based on his intent to use a credit card at the Best Western hotel not belonging to him, could be considered misdemeanor shoplifting under section 459.5 after the passage of Proposition 47. I respectfully dissent to the majority's conclusion that defendant failed to meet his burden of alleging that the value of the property taken was

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

less than $950. Although defendant's original petition did not allege the amount of money involved, his letter to the court requesting a hearing did allege that the value of the property taken was less than $900. The People did not contest that amount but rather argued that the hotel was not a commercial establishment. Moreover, he was originally charged with a misdemeanor violation of section 484g, which as discussed, *ante*, would require that the amount charged to the access card did not exceed $950 over a six-month period. I would find this sufficient to meet defendant's burden of showing he was eligible for resentencing under Proposition 47. (See *People v. Sherow* (2015) 239 Cal.App.4th 875, 878 [a defendant has the burden of establishing his or her eligibility for resentencing under Proposition 47].)

I would remand in order for the trial court to address whether the second degree burglary involved an amount less than $950, and for the trial court to consider whether resentencing defendant "would pose an unreasonable risk of danger to public safety." (§ 1170.18, subd. (b).)

MILLER _____
J.