Filed 6/28/13  opinion on transfer

<u>CERTIFIED</u> <u>FOR</u> <u>PARTIAL</u> <u>PUBLICATION</u>*


IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----


| | |
|---|---|
| THE PEOPLE, | C059440 |
| Plaintiff and Respondent, | (Super. Ct. No. 04-6100) |
| v. | OPINION ON TRANSFER |
| CHRISTOPHER ALLEN JONES, SR., | |
| Defendant and Appellant. | |


APPEAL from a judgment of the Superior Court of Yolo County, Thomas Edward Warriner, Judge.  Affirmed.

Benjamin Owens, under appointment by the Court of Appeal, for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Senior Assistant Attorney General, Julie A. Hokans, Clara M. Levers, and Judy Kaida, Deputy Attorneys General, for Plaintiff and Respondent.

---

* Pursuant to California Rules of Court, rule 8.1110, this opinion is certified for publication with the exception of part IV.

1

In exchange for a maximum prison term, defendant Christopher Allen Jones, Sr., pleaded no contest to several counts of criminal conduct and admitted a prior serious felony conviction and a prior prison term. To comply with the plea agreement and avoid the sentencing requirements of the "Three Strikes" law, the trial court struck the prior serious felony conviction and prior prison term. After doing so, the court sentenced defendant to the maximum term allowed by the plea agreement. It imposed consecutive sentences for two of the counts and concurrent sentences for the remaining counts.

On appeal, defendant contends that (1) the information in an affidavit supporting a search warrant was stale and therefore did not supply probable cause, (2) the court's imposition of consecutive and concurrent terms violated Penal Code section 654's prohibition on double punishment, and (3) he was deprived of effective assistance of counsel because his trial counsel did not argue against consecutive sentencing.

We conclude that (1) the information in the affidavit supporting the search warrant was not stale and supported the trial court's probable cause finding, (2) defendant is barred from arguing that the sentence violated Penal Code section 654 because the trial court sentenced within the maximum term negotiated in the plea agreement, and (3) defendant was not deprived of effective assistance of counsel. In the unpublished portion of the opinion we affirm the trial court's award of presentence custody credits. Therefore, we affirm.

PROCEDURE

Defendant was charged by information with two counts of being a felon in possession of a firearm (Pen. Code, § 12021, subd. (a)(1);[1] counts 1 & 2); two counts of possessing a prohibited firearm (§ 12020, subd. (a)(1); counts 3 & 4); being a felon in possession of ammunition (§ 12316, subd. (b)(1); count 5); using another's personal

---

[1]     Subsequent undesignated references to sections are to the Penal Code.

2

identifying information to obtain credit, goods, or services (§ 530.5, subd. (a); count 6); and receiving stolen property (§ 496, subd. (a); count 7). The information also alleged that defendant had a prior serious felony conviction (§ 667, subds. (c) & (e)(1)) and served a prior felony prison term (§ 667.5, subd. (b)).

Pursuant to a plea agreement negotiated with the prosecutor and accepted by the court, defendant pleaded no contest to all counts and admitted the enhancement allegations in return for a three-year eight-month "lid" or maximum term in sentencing. At the plea hearing, defense counsel noted that the plea was entered with the understanding that defendant was free to argue for probation and would be able to appeal regarding the denial of his motion to suppress evidence. It was also understood that, although defendant admitted the prior serious felony conviction and prior prison term, the court would strike those in order to sentence within the plea agreement's maximum term.

The trial court sentenced defendant to a total state prison term of three years eight months. To do so, the court struck both the prior serious felony conviction and prior prison term findings. The court imposed the upper term of three years for count 1 (felon in possession of firearm) and a consecutive eight months (one-third the middle term) for count 2 (also felon in possession of firearm). As for the remaining five counts, the court imposed concurrent middle terms.

Defendant petitioned the trial court for a certificate of probable cause, seeking to challenge the sentence on appeal based on section 654. The trial court initially denied the petition, but later reversed itself and granted the petition after this court issued a *Palma* letter. (See *Palma v. U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171.)

FACTS

The parties stipulated that the factual basis for the plea was contained in (1) the police report, (2) subpoenas with accompanying documents, and (3) the preliminary hearing transcript. Our recitation of the facts is based on those sources.

Karen Flann's purse was stolen in March 2002. In July 2004, she received letters from collection agencies concerning overdue accounts with AT&T and Liberty Wireless. Someone had used her date of birth and social security number to open cell phone accounts with those companies. The name and address on the AT&T account were defendant's.

Flann received a letter from Sprint Wireless in July 2004, informing her that her application for phone service was denied. She had not applied to Sprint Wireless for phone services.

The Davis Police Department obtained a search warrant and executed it at defendant's residence. Officers found two sawed-off shotguns, along with 20 shotgun shells, in a bag under a bed in the master bedroom. They also found the cell phone associated with the AT&T account obtained using Flann's identifying information.

After defendant was arrested, officers found five different California driver's licenses in his car.

The AT&T account was open from November 18, 2003, to April 17, 2004. The Liberty Wireless account was opened May 9, 2004, but there was no indication concerning when the Liberty Wireless account was closed.

DISCUSSION

I

*Search Warrant*

In September 2004, the Davis Police Department sought and obtained a warrant to search defendant's residence. Using the warrant, officers searched the residence. Defendant made a motion to suppress the evidence discovered in the search, asserting that the search warrant was invalid because the information in the affidavit was stale. The trial court denied the motion. After a motion for reconsideration, the court again denied the motion.

4

On appeal, defendant contends that the information provided in the affidavit in support of the application for the search warrant was stale and therefore did not provide probable cause for the warrant. Therefore, he argues, issuance of the warrant violated his Fourth Amendment rights.

The contention is without merit. Under the circumstances of this case, the information was not stale.

*Background*

Detective Ilya Bezuglov of the Davis Police Department filed an affidavit in support of the application for a search warrant on September 20, 2004. In all material respects, the facts in the affidavit were the same as those recounted above, up to obtaining the search warrant and searching the apartment.

*Analysis*

Appellate review of a trial court determination of probable cause on a motion to suppress evidence under section 1538.5 is a two-step process. Express or implied findings of fact are upheld if supported by substantial evidence. We then use independent judgment to determine whether those facts establish probable cause. (*People v. Leyba* (1981) 29 Cal.3d 591, 596-597.) Courts should not invalidate search or arrest warrants by imposing hypertechnical requirements rather than a common sense approach to probable cause. (*United States v. Ventresca* (1965) 380 U.S. 102, 108 [13 L.Ed.2d 684, 689].)

"Information that is remote in time may be deemed stale and thus unworthy of consideration in determining whether an affidavit for a search warrant is supported by probable cause. Such information is deemed stale unless it consists of facts so closely related to the time of the issuance of the warrant that it justifies a finding of probable cause at that time. The question of staleness turns on the facts of each particular case. [Citations.] If circumstances would justify a person of ordinary prudence to conclude that an activity had continued to the present time, then the passage of time will not render

5

the information stale.  [Citation.]"  (*People v. Hulland* (2003) 110 Cal.App.4th 1646, 1652 (*Hulland*).)

"Although there is no bright line rule indicating when information becomes stale [citation], delays of more than four weeks are generally considered insufficient to demonstrate present probable cause.  [Citation.]  For example, a delay of 34 days between a controlled sale of heroin and the officer's affidavit for the search warrant has been held insufficient to establish present probable cause.  [Citation.]  Longer delays are justified only where there is evidence of an activity continuing over a long period of time or the nature of the activity is such as to justify the inference that it will continue until the time of the search.  [Citation.]"  (*Hulland, supra,* 110 Cal.App.4th at p. 1652.)

Even though the information concerning defendant's illegal uses of Flann's identity did not indicate that he had engaged in the activity in the four weeks before issuance of the search warrant, the information concerning ongoing identity theft provided probable cause.  According to the affidavit, Flann's purse was stolen in 2002.  In November 2003, someone began illegally using Flann's identity.  As late as July 2004 or thereabouts, someone used Flann's identity in an attempt to open a Sprint Wireless account.  This ongoing operation, unlike a solitary drug buy, provided probable cause in September 2004, when the warrant was issued, that evidence of crime would be found in defendant's residence.  (See *People v. Carrington* (2009) 47 Cal.4th 145, 164 [stolen checks still outstanding two months after burglary provided probable cause that evidence would be found in defendant's residence].)

Defendant argues that the last use of Flann's identity that can be connected to him was in November 2003, when he used her identity to open an account with AT&T. While it is true that the affidavit did not expressly connect defendant to the Liberty Wireless account and, particularly, the Sprint Wireless incident, the court could reasonably infer that, since defendant had Flann's identity and illegally used it in

6

November 2003, the later illegal uses for similar purposes were also connected to him. This inference supported the probable cause determination.

Because we conclude that the information in the affidavit provided probable cause to support the search warrant, we need not consider the Attorney General's assertion that the good faith exception to the warrant requirement applies.

II

*Section 654*

Defendant contends that the sentence imposed by the trial court violated section 654 prohibiting double punishment.[2]  We conclude that this contention is barred by California Rules of Court rule 4.412(b)[3] and the cases upon which that rule is based.

Rule 4.412(b) states:  "By agreeing to a specified prison term personally and by counsel, a defendant who is sentenced to that term or a shorter one abandons any claim that a component of the sentence violates section 654's prohibition of double punishment, unless that claim is asserted at the time the agreement is recited on the record."

Rule 4.412(b) is one of several checks on the opportunities afforded to defendants to appeal after pleading guilty or no contest.  These checks are included in the statutes, rules, and case law of California.  They are meant to preserve judicial resources and screen out frivolous appeals.  (See *People v. Buttram* (2003) 30 Cal.4th 773, 781, 783 (*Buttram*) [discussing purpose of § 1237.5; former rule 31(d); former rule 412(b) [now rule 4.412(b)]].)

---

[2]  Defendant makes four contentions of error based on section 654:  (1) imposing unstayed terms for both counts of being a felon in possession of a firearm, (2) imposing unstayed terms for both counts of possessing a prohibited weapon, (3) imposing unstayed terms for being a felon in possession of a firearm *and* possessing a prohibited weapon as to each shotgun, and (4) imposing unstayed terms for possessing a weapon *and* possessing ammunition for that weapon.

[3]  Subsequent undesignated references to rules are to the California Rules of Court.

The purpose of the requirement that a defendant appealing after a guilty or no contest plea obtain a certificate of probable cause, as provided in section 1237.5 and former rule 31(d), was "to discourage and weed out frivolous or vexatious appeals challenging convictions following guilty and nolo contendere pleas. [Citations.] The objective is to promote judicial economy 'by screening out wholly frivolous guilty [and nolo contendere] plea appeals before time and money is spent preparing the record and the briefs for consideration by the reviewing court.' [Citations.]" (*People v. Panizzon* (1996) 13 Cal.4th 68, 75-76, bracketed text in original.)

Similarly, rule 4.412(b) prevents a defendant from challenging the legality of a sentence to which he agreed and from which he derived benefit. The advisory committee comment to rule 4.412(b) states: "This subdivision is based on the fact that a defendant who, with the advice of counsel, expresses agreement to a specified prison term normally is acknowledging that the term is appropriate for his or her total course of conduct."

Rule 4.412(b) and its predecessor, former rule 412(b), are codifications of "the case law rule that defendants are estopped from complaining of sentences to which they agreed." (*People v. Hester* (2000) 22 Cal.4th 290, 295 (*Hester*).) *Hester* states that acceptance of a plea bargain is an implicit waiver of section 654 rights. (*Ibid*.) "When a defendant maintains that the trial court's sentence violates rules which would have required the imposition of a more lenient sentence, yet the defendant avoided a potentially harsher sentence by entering into the plea bargain, it may be implied that the defendant waived any rights under such rules by choosing to accept the plea bargain." (*People v. Couch* (1996) 48 Cal.App.4th 1053, 1057, quoted in *Hester, supra,* 22 Cal.4th at p. 295.)

While defendant agrees that contentions based on section 654 are barred when a plea agreement includes a "specified prison term," as stated in rule 4.412(b), he argues that his plea agreement did not include a "specified prison term" because he agreed to a maximum term, not to an exact term. In other words, he argues that, because the plea

agreement allowed for any sentence at or below the maximum term, his sentence was not for a "specified prison term," and therefore rule 4.412(b) does not apply.

This is an open question -- one which the Supreme Court has not decided.[4] (*People v. Cuevas* (2008) 44 Cal.4th 374, 384, fn. 6; *People v. Shelton* (2006) 37 Cal.4th 759, 771.)

Defendant's argument is based on what he contends is the plain language of the rule. "The plain language of rule 4.412(b)," explains defendant, "indicates [that] it applies when a defendant agrees to a 'specified prison term.' A lid is not a specified prison term. Rather, it 'constrains the maximum sentence a trial court may impose but is less than the maximum exposure the defendant would otherwise face absent the agreed-upon lid.' (*People v. Cuevas, supra,* 44 Cal.4th at p. 376.)"

We disagree that this is the only reasonable interpretation of the rule's language. "Specified" and "maximum" do not have mutually exclusive meanings. "Specified" means "to name or state explicitly or in detail." (Merriam-Webster's Collegiate Dictionary, 11th ed., p. 1198 (2006.) It is related, but not identical, to "specific," which means, among other definitions, "restricted to a particular individual, situation, relation, or effect." (*Ibid.*) Therefore, a term is "specified" in a plea agreement even when it is a maximum term because it is identified explicitly. Therefore, use of the word "specified" in the rule did not limit the rule to situations in which the plea agreement names the one and only term that may be imposed. Furthermore, the rule's reference to sentences to the "term or a shorter one" implies application to plea agreements involving a maximum term.

---

[4]    Defendant acknowledges that this is an open question. However, the Attorney General concedes that defendant's argument on the merits is correct. And the Attorney General bases this concession, without explanation or reasoning, on cases decided before the Supreme Court identified the issue as an open question. We need not, and do not, accept this ill-founded concession.

In addition to the language of the rule, the cases discussing the concepts on which the rule is based support the conclusion that it applies to maximum, as well as exact, sentences in plea agreements. As discussed below, whether a defendant can challenge a sentencing decision on appeal after a guilty or no contest plea turns on whether the defendant is challenging (1) the trial court's jurisdiction to impose the sentence or (2) the court's discretionary sentencing decision. When the challenge is to the court's jurisdiction, it is barred. When the challenge is to the court's discretionary sentencing decision, it is not barred.

The difference is illustrated in *Hester, supra,* 22 Cal.4th 290, involving a jurisdictional challenge to a sentence, and *Buttram, supra,* 30 Cal.4th 773, in which the defendant argued that the trial court abused its discretion in sentencing.

In *Hester*, the defendant pleaded no contest in exchange for an agreed-upon term of four years. At sentencing, the court imposed the four-year term but also imposed concurrent terms for other crimes. (*Hester, supra,* 22 Cal.4th at p. 293.) On appeal, defendant asserted that imposition of the concurrent sentences violated section 654. But the court concluded that the assertion was barred by former rule 412(b). It stated: "Where the defendants have pleaded guilty in return for a *specified* sentence, appellate courts will not find error even though the trial court acted in excess of jurisdiction in reaching that figure, so long as the trial court did not lack *fundamental* jurisdiction. The rationale behind this policy is that defendants who have received the benefit of their bargain should not be allowed to trifle with the courts by attempting to better the bargain through the appellate process. [Citations.]" (*Hester, supra,* at p. 295, original italics.)

On the other hand, the Supreme Court, in the analogous context of the certificate of probable cause requirement, has stated that sentencing decisions based on the trial court's discretion are not foreclosed. (*Buttram, supra,* 30 Cal.4th at p. 777.) The court held: "Unless it specifies otherwise, a plea agreement providing for a maximum sentence inherently reserves the parties' right to a sentencing proceeding in which (1) as occurred

10

here, they may litigate the appropriate individualized sentence choice within the constraints of the bargain and the court's lawful discretion, and (2) *appellate challenges otherwise available against the court's exercise of that discretion are retained*." (*Ibid.*, italics added.)

Within this jurisdictional-discretionary dichotomy, challenges to a sentence based on section 654 are jurisdictional because "a court acts in excess of its jurisdiction and imposes an unauthorized sentence when it fails to stay execution of a sentence under section 654. [Citations.]" (*Hester, supra,* 22 Cal.4th at p. 295.) It makes no difference, within this analytical system, whether the plea agreement was for a maximum term or an exact term.

Construed consistently with case law upon which it is based, rule 4.412(b) bars reliance on section 654 to attack the sentence on appeal when a term, even a maximum term, is specified. Unlike when a defendant asserts the trial court abused its discretion in sentencing within the specified maximum term, a defendant who relies on section 654 contends that the court did not have jurisdiction to impose the maximum term. Because that contention conflicts with the plea agreement, in which the defendant conceded that the trial court could impose the maximum term, he is estopped from relying on section 654. Any other conclusion would allow the defendant to unilaterally renege on the agreement that was negotiated in good faith with the prosecutor and accepted by the trial court.

Given these authorities, we conclude that, when a maximum term is specified in a plea agreement, the defendant is estopped from arguing on appeal that the sentence violates section 654, "unless that claim is asserted at the time the agreement is recited on the record." (Rule 4.412(b).) Here, defendant did not assert the section 654 claim when the agreement was recited on the record. Accordingly, the claim is barred.

# III

## *Effective Assistance of Counsel*

Defendant contends that he was denied effective assistance of counsel because his attorney at trial did not argue for concurrent, rather than consecutive, sentencing on counts 1 and 2. We conclude that the contention is without merit because counsel's performance did not fall below an objective standard of reasonableness.

To establish ineffective assistance of counsel, a defendant must show (1) counsel's performance was deficient and fell below an objective standard of reasonableness and (2) it is reasonably probable that a more favorable result would have been reached absent the deficient performance. (*Strickland v. Washington* (1984) 466 U.S. 668, 687-688 [80 L.Ed.2d 674, 693-694].) A reasonable probability is a "probability sufficient to undermine confidence in the outcome." (*Id.* at p. 694.)

Here, we conclude that counsel was not deficient; therefore, we need not discuss prejudice.

## *Sentencing*

As noted above, defendant pleaded no contest and admitted the prior serious felony conviction and prior prison term allegations. In exchange, he was promised a sentence maximum of three years eight months.

In preparation for sentencing, the probation department submitted its report. In that report, it listed five circumstances in aggravation and none in mitigation. The five aggravating circumstances were: (1) previous violent conduct indicating a serious danger to society, (2) numerous prior convictions, (3) a prior prison term, (4) commission of the offense while on multiple grants of probation, and (5) poor past performance on parole and probation. The probation department argued against striking the prior serious felony conviction and prior prison term and recommended a sentence of twelve years four months.

12

While this case was pending, defendant committed a burglary relating to a check forgery, and he drove on a suspended license.

At sentencing, defense counsel argued for a grant of probation, encouraging the court to be lenient. The court then related its intended approach to the sentence: "Probation's made a recommendation of a very substantial sentence, something of 12 years, and I'm not inclined to follow that recommendation. Weapons are a dangerous thing and two sawed-off shotguns under your bed together with 15 rounds of ammunition that fit at least one of the weapons is not permitted, nor are the multiple driver's licenses, so I do believe a sentence is in order. [¶] I have to respect the fact that the defendant's problems stretch back a number of years and that his -- his approach towards life has changed. It's unfortunate the weapons were there, but it has changed, so I'm inclined to strike both of the case enhancements relying on the *Romero* case for the notion and because of their age and remoteness in time . . . , and I also believe that much of the sentence which I'm inclined to impose should be run concurrently."[5]

Imposing the sentence, the court stated: "[W]ith regard to Count 1, . . . I'm going to sentence the defendant to the upper term of three years. And I reached upper term because of the -- I struck two of the case enhancements . . . ." The prosecutor then interjected: "For clarification, your Honor, if I may interrupt, is the Court also referring to the factors in aggravation as noted in the probation report." The court replied: "I am." The court continued by imposing a consecutive term of eight months for count 2, but it did not state the reasons for making the term consecutive.

*Analysis*

Seizing on the trial court's positive response to the prosecutor's question of whether the trial court was "referring" to the aggravating circumstances in the probation

---

[5]     See *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 (*Romero*).

report in imposing the upper term and noting the prohibition on dual use of aggravating circumstances to impose the upper term and impose consecutive terms, defendant argues on appeal that trial counsel should have argued for concurrent sentencing. The argument fails to persuade us because (1) trial counsel argued generally for leniency when it encouraged the trial court to grant probation and (2) there is no indication in this record that an argument for concurrent sentencing would have resulted in an even more lenient sentence. Thus, it is not objectively reasonable to argue that counsel was deficient.

Considering that, to arrive at the sentence agreed to as a maximum, the trial court struck the prior serious felony conviction and prior prison term and imposed many of the terms concurrently instead of consecutively, defendant's punishment is remarkably lenient compared to what it could have been, especially since he committed a burglary while this case was pending. Although the trial court said defendant's "approach towards life has changed," there is little in the record to support that purported change, given his continued criminality.

Defendant asserts that, because the trial court used the striking of the prior conviction and prior prison term, as well as the aggravating factors in the probation report, to impose the upper term, there were no remaining aggravating factors to use in imposing consecutive sentences. Based on this assertion, defendant argues that "it is reasonably probable an objection would have lead [*sic*] to a lesser sentence . . . ." We disagree. There were multiple aggravating circumstances for the trial court to consider and plenty upon which to impose both the upper term and consecutive sentences. The court had already exercised considerable leniency, so it is unlikely that it would have been even more lenient simply at the suggestion of defense counsel that there might be an easily corrected dual use problem.[6]

---

[6]  The Attorney General and defendant argue concerning whether recent developments in sentencing law have abrogated the prohibition on dual use of facts to

14

Simply put, defendant's resume did not inspire leniency. Defense counsel's performance did not fall below an objective standard of reasonableness for failing to argue for concurrent sentencing on count 2 because it is unlikely that such an argument would have convinced the court to be even more lenient.

IV

*Additional Presentence Custody Credit*

After initial briefing was completed, we invited the parties to submit supplemental briefs concerning whether defendant is eligible for additional presentence custody credit pursuant to recent amendments to section 4019. We concluded in our first decision that amendments to section 4019 in Senate Bill No. 18 (2009-2010 3d Ex. Sess.) (hereafter Senate Bill No. 18) *retroactively* provided additional presentence custody credit, unless a defendant has a prior serious felony conviction. We therefore concluded that we must remand the case so that the trial court could determine whether to strike the prior serious felony conviction for the purpose of applying section 4019.

The Attorney General petitioned the California Supreme Court for review, and the Supreme Court granted the petition and transferred the matter back to this court "with directions to vacate [our] decision and to reconsider the cause in light of *People v. Brown* (2012) 54 Cal.4th 314 and *People v. Lara* (2012) 54 Cal.4th 896." On transfer, we vacated our prior decision and now conclude that the cited Supreme Court cases, decided after we filed our first decision, require us to affirm the trial court's award of presentence custody credits.[7]

---

impose the upper term and consecutive sentencing. Resolution of that debate is unnecessary here. Even assuming a prohibition on dual use of facts, defendant's effective assistance of counsel argument is without merit.

[7] Neither party filed a supplemental brief after the transfer to this court from the California Supreme Court.

At this point, the matter is quite simple.  The Supreme Court held that Senate Bill No. 18 is not retroactive (*People v. Brown, supra,* 54 Cal.4th 314) and, in any event, defendant's prior serious felony conviction, which the trial court could not strike for presentence custody credit purposes, would have precluded him from receiving the additional presentence custody credit (*People v. Lara, supra,* 54 Cal.4th 896).  Therefore, the trial court's award of presentence custody credits under the law predating Senate Bill No. 18 was proper.

## DISPOSITION

The judgment is affirmed.

      NICHOLSON    , J.

We concur:

      RAYE     , P. J.

      BUTZ     , J.