Filed 6/16/16  P. v. Jones CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C079305 |
| v. | (Super. Ct. No. CRF143808) |
| CHRISTOPHER ALLEN JONES, | |
| Defendant and Appellant. | |

Sentenced to serve five years in state prison following a jury conviction, defendant, Christopher Allen Jones, contends the trial court abused its discretion in denying his *Romero*[1] motion to strike his prior strike.  We affirm.

BACKGROUND

While investigating the theft of a motorcycle, officers of the Davis Police Department obtained a warrant to search defendant's garage and apartment.  The search uncovered an M-11-9-mm assault weapon, with 4 magazines.  Two were high-capacity-

---

[1]     *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497 (*Romero*).

1

30-round magazines (1 empty, 1 with 22 rounds). And 2 were 10-round magazines (1 empty, 1 with 9 rounds). The end of the M-11 barrel was threaded for a silencer or flash suppressor. The officers also found an invoice for 4, 9-mm handgun parts.

A jury convicted defendant of possession of a firearm by a felon (Pen. Code, § 29800, subd. (a)(1));[2] possession of an assault weapon (§ 30605, subd. (a)); purchase or receipt of a large-capacity magazine (§ 32310); and possession of ammunition by a person prohibited from owning or possessing a firearm (§ 30305(a)). The court also found defendant had a prior strike and served a prior prison term.

The prior strike was for assault with a deadly weapon in 1989, 26 years ago. Eight years ago, that strike had been struck in a prior case when defendant was convicted of, inter alia, unlawfully possessing two sawed-off shotguns. (*People v. Jones* (2013) 217 Cal.App.4th 735, 738 (*Jones*).)

At sentencing for his current gun possession conviction, defendant moved to strike his prior strike. (§ 1385, subd. (a); *Romero, supra*, 13 Cal.4th 497.) He argued he fell outside the spirit of the three strikes law. He had moved his family to Davis to build a better life. His children would now suffer from having their father incarcerated. Moreover, his current offense was merely possessory and was brought on by his posttraumatic stress disorder (PTSD). And his prior strike conviction for assault with a deadly weapon occurred 26 years ago, when he was 19, and did not involve him firing the gun.

Six witnesses testified in support of defendant's motion. Several opined defendant's PTSD caused him to seek the firearms for protection. The witnesses also testified to defendant being a good friend, a good neighbor, and a good father. The court also received three letters in support.

---

**2**      Undesignated statutory references are to the Penal Code.

The court denied the *Romero* motion. The court considered defendant's youth when committing the prior strike and the fact his current offense had no victim. The court also found the family and community support for defendant compelling. But those factors were outweighed by defendant's long criminal history, including three felonies, two prior weapons offenses, two misdemeanor DUIs, a second degree burglary, and multiple convictions for driving with a suspended license. Defendant had also committed crimes while on probation. Additionally, having an M-11 assault weapon with loaded magazines was a serious possessory offense for someone who could not lawfully possess a gun. The court concluded: "[A]fter great consideration, given the long history of criminal conduct here, and the fact that there's been crimes committed on probation, the nature of the current offense, the Court is going to deny the Romero motion."

The court sentenced defendant to serve an aggregate five-year sentence (the middle term of two years for the principal offense, doubled for the strike, plus one year for the prior prison term).

DISCUSSION

On appeal, defendant challenges his sentence, contending the trial court abused its discretion in denying his *Romero* motion. He argues he was found guilty of only minor felonies, his criminal history does not reflect a man deserving of a five-year sentence, his prior strike was remote in time, and his current crime was committed because of his paranoia symptom of his PTSD. We cannot agree.

The three strikes law " 'establishes a sentencing requirement to be applied in every case where the defendant has at least one qualifying strike, unless the sentencing court "conclud[es] that an exception to the scheme should be made because, for articulable reasons which can withstand scrutiny for abuse, this defendant should be treated as though he [or she] actually fell outside the Three Strikes scheme." ' [Citation.]" (*People v. Carmony* (2004) 33 Cal.4th 367, 377 (*Carmony*).)

3

A trial court properly exercises its discretion to strike a prior strike under section 1385 only if it finds that "in light of the nature and circumstances of his [or her] present felonies and prior serious and/or violent felony convictions, and the particulars of his [or her] background, character, and prospects, the defendant may be deemed outside the [three strikes] scheme's spirit, in whole or in part, and hence should be treated as though he [or she] had not previously been convicted of one or more serious and/or violent felonies." (*People v. Williams* (1998) 17 Cal.4th 148, 161.)

When a trial court declines to strike a prior strike, we review its decision for abuse of discretion. (*Carmony, supra*, 33 Cal.4th at pp. 374-375.) "[A] trial court does not abuse its discretion unless its decision is so irrational or arbitrary that no reasonable person could agree with it." (*Id.* at p. 377.) Reversal is justified where the court was unaware of its discretion to strike a prior strike, or refused to do so at least in part for impermissible reasons. (*Id.* at p. 378.) But where the court, aware of its discretion, " 'balanced the relevant facts and reached an impartial decision in conformity with the spirit of the law, we shall affirm the . . . ruling, even if we might have ruled differently in the first instance' [citation]." (*Ibid.*)

Here, the trial court properly exercised its discretion in denying defendant's *Romero* motion. The trial court carefully considered the testimony and letters in support of defendant's motion. It further considered defendant's PTSD. But those factors were outweighed by defendant's lengthy criminal record that included two prior unlawful gun possession convictions, burglary, and assault with a deadly weapon. Defendant also had incurred many minor offenses and had been unsuccessful on parole and probation. Additionally, the current offense involved a particularly dangerous weapon.

Moreover, when defendant was last convicted of unlawfully possessing firearms, the trial court struck his prior strike and prior prison term. (See *Jones, supra*, 217 Cal.App.4th at p. 738.) That he was once again before the court on weapons charges speaks of how defendant fell within the spirit of the three strikes law.

4

DISPOSITION

The judgment is affirmed.

          /s/          
HOCH, J.

We concur:

          /s/          
BUTZ, Acting P. J.

          /s/          
MAURO, J.