Filed 11/19/20  P. v. Bhakta CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D075566 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD255550) |
| PRAKASHKUMAR BHAKTA, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Joseph P. Brannigan, Judge.  Affirmed and remanded with directions.

Alex Coolman, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters and Julie L. Garland, Assistant Attorneys General, A. Natasha Cortina and Kelley Johnson, Deputy Attorneys General, for Plaintiff and Respondent.

After a grand jury indicted Prakashkumar Bhakta, he pleaded guilty to 113 counts as follows: three counts of conspiracy to commit procuring or

offering a false or forged instrument (Penal Code,[1] §§ 182, subd. (a)(1), 115, subd. (a)), two counts of conspiracy to commit grand theft (§§ 182, subd. (a)(1); 487, subd. (a)); 82 counts of procuring or offering a false or forged instrument (§ 115, subd. (a)), four counts of grand theft by false pretenses (§ 487, subd. (a)), and 22 counts of identity theft (§ 530.5, subd. (a)).  He admitted enhancements that certain offenses involved losses of over $100,000 (§ 1203.045), over $500,000 (§ 186.11, subd. (a)(2)), and over $1,300,000 (§ 12022.6, subd. (a)(3)).[2]

The court sentenced Bhakta to seven years eight months in state prison, consisting of the midterm of 24 months each on count 2, the base count, and count 20; eight months on count 21, and three years for the section 186.11, subdivision (a)(2) enhancement.  It imposed all other sentences concurrently or stayed them under section 654.

Bhakta contends:  (1) his count 2 sentence should be stayed under section 654 because insufficient evidence showed his involvement in the circumstances of that count; and (2) the court miscalculated the amount of the court security assessment it imposed under section 1465.8.

The People argue that Bhakta did not raise his section 654 claim when he pleaded guilty to the charges; therefore, that claim is forfeited under

---

[1]     Undesignated statutory references are to Penal Code.

[2]     The indictment also named Jacob Daniel Orona, Aide Orona, Marcus Newell Robinson, John Madrid Contreras, and David Thompson Boyd as co-defendants, but they are not parties to this appeal.

2

California Rules of Court,[3] rule 4.412(b). The People concede the court security assessment miscalculation. We affirm the judgment and remand for the court to recalculate the section 1465.8 assessment.

## FACTUAL BACKGROUND

Because we dispose of Bhakta's appellate issues without relying on the facts of the underlying crimes, we need not detail the probation officer's findings. Suffice to say that between November 2010 and January 2016, Bhakta worked with his codefendants as a notary, seminar participant, and document preparer of false bankruptcy and deed documents. Defendants offered to help distressed homeowners who attended mortgage relief seminars sue the mortgage-holding banks for fraud on their loans. They convinced homeowners to stop paying the banks on their mortgages and to start paying defendants a program entry fee (generally $3,000 to $3,500), a monthly fee ($1,000 to $1,500), and various fees for individual legal filings.

At least 150 homeowners gave the defendants over a million dollars to perform the promised services; in fact, no attorneys were involved, and defendants failed to file lawsuits on the homeowners' behalf. Instead, the defendants filed and recorded numerous fraudulent documents, including false grant deeds by relying on fake notarial acts, false bankruptcies, and false court filings, which delayed foreclosure and clouded the title on the homes. Investigation of the defendants' bank accounts revealed over $1,000,000 dollars in homeowner deposits. The homeowners' total economic loss was approximately $4,029,454.50.

---

[3] All references to rules are to the California Rules of Court.

The parties never raised the issue of section 654 during the change of plea proceedings. Defense counsel stated Bhakta was "pleading to the sheet," and referenced the proposed upper sentencing lid as specified on the plea bargain form: "Mr. Bhakta and I did discuss his maximum exposure. I did calculate that again with the People, we both did come up with the same number, and that is written on the plea form, and that would have been 82 years, 8 months with all charges and allegations, and that Mr. Bhakta and I did discuss that this plea to the sheet is an opportunity for the Court to consider whatever sentence may be appropriate. It's no guarantee as to any one specific sentence."

The court immediately told Bhakta: "I'm going to try to do what I always do, sir, . . . listen to the attorneys and come up with a sentence that's appropriate. [Defense counsel] has represented you very well so far. I have no doubt that she'll continue to do that. [¶] The attorneys are going to file some written papers with me, suggest a sentence. And at this point, it's—it's open-ended."

DISCUSSION

I.

Bhakta contends: "The sentence on count 2 should have been treated as a subordinate term and stayed under [] section 654 because the only evidence related to [his] involvement in count 2 was that [he] met the victim once and did not have a conversation with her. His culpability on count 2 can only have been based on participation in the overall scheme for which he was punished in other counts." (Some capitalization omitted.)

Section 654 subdivision (a) states: "An act or omission that is punishable in different ways by different provisions of law shall be punished

4

under the provision that provides for the longest potential term of imprisonment, but in no case shall the act or omission be punished under more than one provision. An acquittal or conviction and sentence under any one bars a prosecution for the same act or omission under any other."

The California Supreme Court's decision in *People v. Hester* (2000) 22 Cal.4th 290 (*Hester*) and rule 4.412(b) govern this case. Rule 4.412(b) states: "By agreeing to a specified term in prison or county jail under section 1170[, subdivision] (h) personally and by counsel, a defendant who is sentenced to that term or a shorter one abandons any claim that a component of the sentence violates section 654's prohibition of double punishment, unless that claim is asserted at the time the agreement is recited on the record." Similarly, rule 4.412(b) prevents a defendant from challenging the legality of a sentence to which he agreed and from which he derived benefit. The Advisory Committee comment to rule 4.412(b) states: "This subdivision is based on the fact that a defendant who, with the advice of counsel, expresses agreement to a specified prison term normally is acknowledging that the term is appropriate for his or her total course of conduct."

The court in *Hester* points out that rule 4.412(b) and its predecessor, former rule 412(b), are codifications of "the case law rule that defendants are estopped from complaining of sentences to which they agreed," and acceptance of a plea bargain is an implicit waiver of section 654 rights. (*Hester, supra,* at p. 295.) "When a defendant maintains that the trial court's sentence violates rules which would have required the imposition of a more lenient sentence, yet the defendant avoided a potentially harsher sentence by entering into the plea bargain, it may be implied that the defendant waived

5

any rights under such rules by choosing to accept the plea bargain." (*People v. Couch* (1996) 48 Cal.App.4th 1053, quoted in *Hester, supra,* 22 Cal.4th at p. 295.)  As stated, at the change of plea hearing, Bhakta did not raise the section 654 issue.  By agreeing to the plea, he avoided a potentially harsher sentence of over 82 years.  Therefore, this claim is forfeited under rule 4.412(b) and the holding in *Hester, supra,* 22 Cal.4th 290.

Bhakta in reply argues:  "There was not any agreement to a 'specified term in prison or county jail' associated with this plea, and thus [rule] 4.412(b), which respondent cites, is not on point."  He adds, "[N]o guarantee was made to [him] that he would receive anything less than the maximum possible sentence."

We reject this claim and agree with the analysis of the court in *People v. Jones* (2013) 217 Cal.App.4th 735, addressing the terms of rule 4.412(b): " 'Specified' and 'maximum' do not have mutually exclusive meanings. 'Specified' means 'to name or state explicitly or in detail.' (Merriam-Webster's Collegiate Dictionary (11th ed. 2006.) p. 1198.)  It is related, but not identical, to 'specific,' which means, among other definitions, 'restricted to a particular individual, situation, relation, or effect.' (*Ibid.*)  Therefore, a term is 'specified' in a plea agreement even when it is a maximum term because it is identified explicitly.  Therefore, use of the word 'specified' in [rule 4.412(b)] did not limit the rule to situations in which the plea agreement names the one and only term that may be imposed.  Furthermore, the rule's reference to sentences to the 'term or a shorter one' implies application to plea agreements involving a maximum term.  [¶]  In addition to the language of the rule, the cases discussing the concepts on which the rule is based support the conclusion that it applies to maximum, as well as exact,

6

sentences in plea agreements." (*Jones, supra,* at p. 745.) Even if Bhakta was not informed of a specific term at the change of plea hearing, he was informed that the maximum possible term was 82 years 8 months.

II.

We accept the People's concession that the court erred by imposing the court security assessment in the amount of $4,620. The assessment is based on section 1465.8, subdivision (a), which provides: "(1) To assist in funding court operations, an assessment of forty dollars ($40) shall be imposed on every conviction for a criminal offense." As Bhakta was convicted of 113 counts, the correct assessment amount should be $4,520. The court is directed to correct this error on remand.

## DISPOSITION

The judgment of conviction is affirmed.  The matter is remanded and the trial court is directed to recalculate Prakashkumar Bhakta's court security assessment consistent with this opinion, prepare an amended abstract of judgment, and forward a certified copy of it to the Department of Corrections and Rehabilitation.


O'ROURKE, J.

WE CONCUR:


McCONNELL, P. J.


GUERRERO, J.