Filed 8/21/23  P. v. Phillips CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>ANTONIO MONTRELL PHILLIPS,<br><br>Defendant and Appellant. | C097264<br><br>(Super. Ct. No. STK-CR-FE-2021-0013307) |

A jury found defendant Antonio Montrell Phillips guilty of assault with a deadly weapon (firearm) (Pen. Code, § 245, subd. (a)(2)),[1] with a true finding on the enhancement alleging that he personally used a firearm (§ 12022.5, subd. (a)), as well as misdemeanor battery (§ 242) and grossly negligent discharge of a firearm (§ 246.3, subd. (a)).

---

[1] Undesignated statutory references are to the Penal Code.

1

The trial court found true that defendant had suffered a prior strike conviction (§§ 667, subds. (b)-(i), 1170.12) and was subject to a five-year sentence enhancement for that same prior (§ 667, subd. (a)). At sentencing, the court granted defendant's request to dismiss the strike prior and dismiss the prior serious felony enhancement. The court imposed the low term of two years in prison for assault with a firearm as well as the low term of three years for the firearm enhancement and added eight months (one-third the middle term) for negligent discharge of a firearm. The trial court imposed no additional time for the battery charge; thus, defendant's aggregate sentence was five years eight months in custody. Defendant timely appealed; the case was fully briefed on May 11, 2023, and assigned to this panel shortly thereafter.

On appeal, defendant contends that: (1) defense counsel rendered ineffective assistance by failing to request dismissal of the firearm enhancement, and (2) the court erred in imposing fines and fees without determining defendant's ability to pay, citing *People v. Dueñas* (2019) 30 Cal.App.5th 1157. Defendant also argues ineffective assistance of counsel as to the *Dueñas* issue.

As we will explain, we disagree with defendant's contentions and affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

In the early hours of November 18, 2021, five or six individuals attacked Marcus Crumb outside a convenience store. During the incident, defendant pointed a gun at Soukoun Hin's head and then struck him twice with the gun. He also fired the gun multiple times into the air.

Defendant testified that he operates a hot dog cart and would from time to time give hot dogs to Crumb, who was homeless. On the night of November 18, 2021, defendant had fallen asleep in his car and was awakened by a commotion. Defendant

2

does not bring a gun for protection when running the hot dog cart and did not have a gun that night.[2]

Defendant tried to separate two men who were attacking Crumb, but another man jumped on defendant's back. Defendant felt a gun in Crumb's sweater, and grabbed it, pointing it at the men fighting Crumb to scare them away. A magazine fell out of Crumb's pocket and he handed it to defendant. Defendant inserted the clip into the gun, cocked it, and fired the gun in the air to make the attackers run off.

At one point, defendant placed the loaded gun at the back of Hin's head and asked him if he wanted to die. Hin was leaning over with his head down as defendant stood over him with the gun. Defendant struck Hin twice in the head with the gun. Defendant then shot the gun twice more in the air and left in his car, taking Crumb with him.

## DISCUSSION

### I

*Failure to Request Dismissal of the Enhancement*

Under section 12022.5, subdivision (c), the trial court may at the time of sentencing strike or dismiss a firearm enhancement in the interest of justice. Defense counsel did not ask the court to dismiss the firearm enhancement. This failure to request dismissal of the enhancement is the basis of defendant's first claim on appeal.

A. *Background*

Defendant counsel filed a motion to strike the strike prior under *People v. Romero* (1996) 13 Cal.4th 497 and section 1385. Defendant's prior conviction was for attempted murder in Alabama in 1997 and he had served a lengthy sentence. Under the three strikes law, defendant's prior conviction doubled the term for any current felony conviction.

---

[2] The jury found defendant not guilty of the charges of possession by a felon of a firearm and ammunition. (§§ 29800, subd. (a)(1), 30305, subd. (a)(1).)

(§§ 667, subd. (e)(1), 1170.12, subd. (c)(1).)[3]  In their sentencing brief, the People requested that defendant be sentenced to an aggregate term of 16 years, four months in prison, which included middle terms for the assault charge and gun enhancement and full consideration of the strike prior.  Accordingly, defense counsel focused on the strike, arguing defendant was "very young, only nineteen when he committed the prior conviction" and had led a changed, crime-free life after serving a sentence for the prior crime.  Counsel repeated in oral argument at sentencing that "it's over 20 years ago now" since defendant's prior conviction.  After release from prison, defendant "has lived a law abiding life, and but for this incident would have no record."

In striking the strike, the trial court similarly found:  "The defendant's last criminal offense was when he was 21, he got 20 years, he's now 45.  He's been free of prison custody for six years.  He was not on probation or parole.  During this time he got his GED and he was continuously employed first as a welder and then at his own business.  [¶]  This conduct since he's been free shows that this strike prior back when he was 20 or 21 years old led him to reform his life."

After the trial court announced its tentative sentence--the low term of two years for assault with a firearm as the principal term, with the low term of three years added for the firearm enhancement (§ 12202.5) and eight months consecutive on the negligent firearm discharge offense (§ 246.3, subd. (a))--defense counsel made an impassioned argument for the lowest possible sentence and an additional request:  "I think this case cries out for leniency and a concurrent sentence with a maximum of three years." Counsel argued extensively on defendant's behalf, also asking more than once for time

---

[3]  The People refer to a strike prior under the three strikes law as an "enhancement."  It is not.  "It has long been settled that the three strikes law 'articulates an alternative sentencing scheme for the current offense rather than an enhancement.' "  (*People v. Frutuoz* (2017) 8 Cal.App.5th 171, 174, fn.3; *People v. Burke* (2023) 89 Cal.App.5th 237, 243.)

4

served and immediate release on parole, as counsel believed defendant was not going to reoffend and he had been rehabilitated.

The trial court nonetheless adopted its tentative ruling, sentencing as described above without further significant comment on counsel's additional arguments except to state: "The Court does recognize this as a violent felony, and that is why I'm sending him to state prison, to say otherwise is not true. But, as I already stated, I am taking in the fact what [*sic*] actually occurred."[4]

B. *Analysis*

Defendant argues that because defense counsel "zealously advocated" for other forms of leniency, counsel could not have had a reasonable tactical basis for omitting a specific request to dismiss the firearm enhancement. He asserts there can be no satisfactory explanation for defense counsel not requesting both dismissal of the enhancement and concurrent sentences. The People maintain that defense counsel could have strategically decided to focus on eliminating the strike based on defendant's remote criminal conduct rather than dismissing an enhancement stemming from defendant's current conduct. We agree that the record reveals a rational tactical reason for counsel's decision to persistently advocate for a lower sentence without specifically requesting dismissal of the firearm enhancement, found true by the jury and based on defendant's extensive use of the gun during the instant offense.

"When challenging a conviction on grounds of ineffective assistance, the defendant must demonstrate counsel's inadequacy. To satisfy this burden, the defendant

---

[4] The trial court dismissed the five-year prior serious felony enhancement (§ 667, subd. (a)) citing section 1385 and referencing subdivision (c), which provides, inter alia, that the mitigating factor of "[m]ultiple enhancements . . . alleged in a single case" weighs greatly in favor of dismissing all but a single enhancement. (§ 1385, subd. (c)(2)(B).) The dismissal left the firearm enhancement (§ 12022.5) as the sole enhancement. In dismissing the enhancement, the court explicitly found that defendant was not a danger to the public.

must first show counsel's performance was deficient, in that it fell below an objective standard of reasonableness under prevailing professional norms. Second, the defendant must show resulting prejudice, i.e., a reasonable probability that, but for counsel's deficient performance, the outcome of the proceeding would have been different. When examining an ineffective assistance claim, a reviewing court defers to counsel's reasonable tactical decisions, and there is a presumption counsel acted within the wide range of reasonable professional assistance. It is particularly difficult to prevail on an *appellate* claim of ineffective assistance. On direct appeal, a conviction will be reversed for ineffective assistance only if (1) the record affirmatively discloses counsel had no rational tactical purpose for the challenged act or omission, (2) counsel was asked for a reason and failed to provide one, or (3) there simply could be no satisfactory explanation. All other claims of ineffective assistance are more appropriately resolved in a habeas corpus proceeding." (*People v. Mai* (2013) 57 Cal.4th 986, 1009.)

Considering defendant's level of exposure under the three strikes law, which was calculated by the People to justify their sentencing recommendation of 16 years, four months in prison--nearly triple the sentence ultimately imposed--it was reasonable for defense counsel to focus principally on persuading the trial court to strike the strike prior. Such a request also had the advantage of focusing the court's attention on the fact that the prior conviction was some 25 years ago when defendant was 19 or 20 years old, and defendant had no criminal history since then. This strategy appears to have also contributed to the court's choice of low term sentences on the assault and firearm enhancement; indeed, the court in its tentative ruling when announcing its choice of low terms "incorporate[d] by reference a lot of stuff that [it] said at the Romero hearing." And defense counsel did not cease advocating for a lower sentence after this argument was successful; when the trial court announced its tentative decision that included low terms where applicable but consecutive sentences, counsel further argued for less time for his client, insisting that: "[T]his case cries out for leniency and a concurrent sentence

6

with a maximum of three years." Counsel argued that he believed that defendant was not going to reoffend and he had been rehabilitated, and also asked multiple times for a time served sentence.

The trial court then implicitly indicated striking the strike prior was the extent of the leniency it deemed appropriate by adopting its tentative ruling and by making the statement set forth above. The court was clearly not inclined to make further downward adjustments to the sentence, and counsel's failure to make a futile motion or request is not ineffective assistance. (*People v. Price* (2008) 1 Cal.4th 324, 387.)

Further, the record does not appear to have strongly supported a request to dismiss the enhancement. As the prosecutor argued, only defendant had a gun that night, and, in addition to firing it several times, he held the gun to Hin's head while he was in a defenseless position, saying, "Do you want to die tonight?" before striking him multiple times in the head with the gun. In light of these facts, defense counsel could reasonably determine that asking for additional leniency in the form of dismissal of the only remaining enhancement was not only unlikely to succeed but might even lead the trial court to revisit its decision to impose the low term on the assault charge and firearm enhancement, were the court inclined to reconfigure the sentence after argument from *both* parties on this issue. (See *People v. Jones* (2013) 217 Cal.App.4th 735, 749 [where the court has already "exercised considerable leniency," it is unlikely to be even more lenient at the request of counsel].) Indeed, the prosecutor argued quite strenuously for a higher sentence throughout the hearing.

Counsel's failure to make a futile motion or request is not ineffective assistance. (*People v. Price, supra,* 1 Cal.4th at p. 387.) Nor is a tactical decision to refrain from making specific requests unlikely to be granted and instead to argue for broad leniency, particularly after having achieved a significant reduction in the client's sentence from that advocated by the prosecutor. On this record, we cannot conclude defense counsel's performance was deficient.

## II

### *Dueñas*

At sentencing, the trial court orally imposed a $300 restitution fine (§ 1202.4, subd. (b)), a $300 parole revocation fine (§ 1202.45), $120 in court operations assessments (§ 1465.8), and $90 in conviction assessments (Gov. Code, § 70373). Relying on *Dueñas*, defendant contends the trial court imposed these fines and fees without determining his ability to pay in violation of the due process clause of the federal and state Constitutions. He adds that counsel was ineffective for failing to object and request a hearing on his ability to pay.

Noting that *Dueñas* was decided more than a year before the sentencing hearing, the People argue defendant forfeited the issue on appeal. (*People v. Greeley* (2021) 70 Cal.App.5th 609, 624.) We agree the issue is forfeited. But even assuming the claim were properly raised in this appeal, we would reject it on the merits.

We have joined those courts "that have concluded the principles of due process do not require determination of a defendant's present ability to pay before imposing the fines and assessments discussed in *Dueñas*." (*People v. Pack-Ramirez* (2020) 56 Cal.App.5th 851, 860, citing *People v. Kingston* (2019) 41 Cal.App.5th 272, 279-282; *People v. Hicks* (2019) 40 Cal.App.5th 320, 326-329, review granted Nov. 26, 2019, S258946; *People v. Aviles* (2019) 39 Cal.App.5th 1055, 1068-1069; *People v. Caceres* (2019) 39 Cal.App.5th 917, 928.)

Thus, we reject defendant's *Dueñas* challenge to the above-referenced fine and assessments, as well as the derivative claim of ineffective assistance of counsel.[5] (*People v. Kipp* (1998) 18 Cal.4th 349, 377 [failure to assert a meritless defense does not demonstrate ineffective assistance of counsel].)

## DISPOSITION

The judgment is affirmed.

/s/
_____
Duarte, Acting P. J.

We concur:

/s/
_____
Renner, J.

/s/
_____
Horst, J.*

---

[5] Although the People purport to note an error in the abstract of judgment, we see no error. The felony abstract of judgment properly accounts for the two felony counts of conviction and their corresponding fees.

* Judge of the Placer County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.