Filed 5/23/24  P. v. Scribner CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D081867 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD295379) |
| CHRISTOPHER LEE SCRIBNER, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Joan P. Weber, Judge.  Affirmed and remanded with directions.

Christopher Love, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters and Charles C. Ragland, Assistant Attorneys General, A. Natasha Cortina and Kelley Johnson, Deputy Attorneys General for Plaintiff and Respondent.

A jury convicted Christopher Lee Scribner of making criminal threats (Pen. Code,[1] § 422; count 1) and exhibiting a deadly weapon other than a

---

[1] Undesignated statutory references are to the Penal Code.

firearm (§ 417, subd. (a)(1); count 2). It found true allegations that while committing the count 1 threat, Scribner personally used a deadly weapon—a stick—within the meaning of sections 1192.7, subdivision (c)(23) and 12022, subdivision (b)(1). Scribner admitted he had suffered two prior strike convictions (§ 667, subds. (b)-(i), 668, 1170.12). The court found true an allegation that he committed the criminal threat while he was out on bail in a separate case (§ 12022.1, subd. (b)). After striking one of Scribner's strike convictions, the court sentenced him to a 10-year state prison term: four years (double the midterm) on count 1 plus a consecutive one-year term for the weapon enhancement (§ 12022, subd. (b)(1)), and a consecutive five-year term for the remaining prior strike under section 667, subdivision (a)(1). It did not impose the on-bail enhancement. The court did not discuss count 2.

Scribner's sole contention on appeal[2] is that his sentence is unauthorized as the court failed to impose and then stay a misdemeanor sentence on count 2 under section 654. He asks this court to remand his case for resentencing. The People concede the point. They say we should remand the matter to the trial court for resentencing so that the court may impose a term for the count 2 conviction and stay it under section 654. We agree in part with the People's concession. Following the January 1, 2022 amendment of section 654 (Stats. 2021, ch. 441, § 1), the court is no longer required to punish Scribner under the longest possible term of imprisonment when multiple offenses are based on the same act or omission; it now has " 'discretion to impose and execute the sentence of either term, which could result in the trial court imposing and executing the shorter sentence rather than the longer sentence.' " (*People v. White* (2022) 86 Cal.App.5th 1229,

---

[2] Scribner initially also advanced a claim of ineffective assistance of counsel, but withdrew that argument in his reply brief, citing "privileged reasons . . . ."

1236; see also *People v. Mani* (2022) 74 Cal.App.5th 343, 379.) We affirm the judgment but remand for that purpose.

FACTUAL AND PROCEDURAL BACKGROUND

The sufficiency of evidence is not at issue, but because Scribner raises a sentencing challenge under section 654, we briefly state the facts underlying his convictions. In July 2022, A.P. was working at her small store near a college campus when Scribner appeared at the doorway. He said something, but A.P. was helping a customer and did not hear him. One of the customers told her Scribner was holding something behind his back and threatening people inside, so she called campus police. When Scribner saw A.P. was on the phone he pointed his finger at her and in a loud and aggressive manner said, "If you fucking call the cops, I'm going to fuck you up." A.P. saw Scribner raise the object, which she thought was a wooden stick, at her. A.P. became scared and felt that Scribner "threatened . . . to hurt" her. She was also concerned about the safety of her employees and customers, who had moved away from the front door to behind the register area. A.P. could not reach campus police, so she called 911. She eventually locked the front door while some customers were still inside because "everybody" was "scared," and it was "very intense" at that time. Two of A.P.'s employees heard Scribner threaten A.P. and saw he was holding a stick. Campus police arrested Scribner while he was still in front of the store.

Scribner denied threatening A.P. or displaying a stick in a threatening manner. He testified he was unhoused at the time, and that he takes antipsychotics for schizoaffective disorder and antidepressants for depression and anxiety. Scribner claimed on the day in question, he had not been taking his prescription medication but was drinking alcohol and using methamphetamine. He testified that the methamphetamine, which he used

shortly before the crimes, caused him to hear and see things. Though he claimed his memory was vague that day, he believed the testimony that he told A.P. he was going "to fuck her up" was "a misunderstanding." According to Scribner, when he realized A.P. was calling police, he said to a person in the store, "If she is calling the cops, that's fucked up."

DISCUSSION

As stated, when sentencing Scribner, the trial court did not mention the count 2 conviction for exhibiting a deadly weapon, nor did it reference section 654. Though the minute order indicates the court imposed a concurrent 180-day term on count 2, the court's oral pronouncement of sentence is the judgment, and the oral pronouncement controls. (*People v. Gobert* (2023) 89 Cal.App.5th 676, 689.)

Scribner asserts that "[m]aking the criminal threat with a stick . . . and exhibiting the stick . . . occurred simultaneously." He argues: "It is apparent from the record that the court did not intend to impose any *additional* sentence for the count 2 conviction. . . . However, the court was not free to simply ignore the conviction for count 2. The court was required to impose a sentence for the count 2 conviction and then stay that sentence, pursuant to section 654." Accordingly, Scribner contends his sentence is unauthorized and must be corrected as the court did not impose and then stay that sentence under section 654.

Conceding that Scribner could only be punished for one of the weapons offenses, the People ask us to affirm the judgment but remand for resentencing so that the court may impose a term for the count 2 conviction and then stay that term under section 654. They correctly cite *People v. Mani, supra*, 74 Cal.App.5th 343: "When a court determines that a conviction falls within the meaning of [ ] section 654, it is necessary to impose

4

sentence and to stay the execution of the duplicative sentence. [Citations.] The trial court is required to impose judgment on each count, which involves selecting a term, and then staying execution of the duplicative sentence, the stay to become permanent upon defendant's service of the portion of the sentence not stayed. [Citations.] . . . Thus, it is improper to impose no sentence or to stay imposition of the sentence." (*People v. Mani,* at p. 380, italics omitted; see also *People v. Duff* (2010) 50 Cal.4th 787, 796.) "[A] court acts in excess of its jurisdiction and imposes an unauthorized sentence when it fails to stay execution of a sentence under section 654." (*People v. Hester* (2000) 22 Cal.4th 290, 295; see also *People v. Jones* (2013) 217 Cal.App.4th 735, 746.) Scribner's challenge to the sentence on count 2 is cognizable on appeal despite his counsel's silence at sentencing because the court's failure to correctly apply section 654 resulted in an unauthorized sentence. (*Hester*, at p. 295.)

The People are correct that remand for resentencing is appropriate. But as stated, section 654 no longer requires the trial court to punish the defendant under the longest possible term of imprisonment when multiple offenses are based on the same act or omission. The court may now impose and execute sentence on *either* term, not just the longest term. Given that Scribner's threat occurred at the same time he brandished a stick, we agree that the proper course is to remand for the court to impose sentence on both counts 1 and 2, and then stay execution of one of those sentences under section 654.

## DISPOSITION

The matter is remanded and the trial court directed to impose sentence on both counts 1 and 2 and then stay execution of one of those sentences under section 654.  It shall issue an amended abstract of judgment and forward a certified copy to the Department of Corrections and Rehabilitation. In all other respects, the judgment is affirmed.

O'ROURKE, Acting P. J.

WE CONCUR:

DATO, J.

BUCHANAN, J.

6