Filed 10/16/23  P. v. Canizales CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>RAMON GERARDO CANIZALES,<br><br>    Defendant and Appellant. | B323141<br><br>(Los Angeles County<br>Super. Ct. No. GA110176) |

APPEAL from an order of the Superior Court of Los Angeles County, Dorothy L. Shubin, Judge.  Affirmed.

Christina J. Alvarez, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Kenneth C. Byrne, Supervising Deputy Attorney General, and Nancy Lii Ladner, Deputy Attorney General, for Plaintiff and Respondent.

# INTRODUCTION

Ramon Canizales pleaded no contest to one count of fleeing or attempting to elude a pursuing peace officer while driving a vehicle in willful or wanton disregard for the safety of persons or property, in violation of Vehicle Code section 2800.2, subdivision (a). Pursuant to a negotiated plea agreement, the trial court sentenced Canizales to the upper term of three years, but stayed execution of the sentence. The trial court placed Canizales on formal probation for two years with various terms and conditions, one of which was that he enter a six-month residential treatment program.

Two weeks later Canizales violated the terms of his probation by leaving the treatment program. Canizales admitted the violation, and the trial court terminated his probation and imposed the previously suspended three-year sentence.

Canizales argues that recent amendments to Penal Code section 1170, subdivision (b),[1] which limit the trial court's discretion to impose an upper-term sentence, apply retroactively to him and that he is entitled to resentencing under the current version of the statute. The People agree with Canizales's first argument, but not the second, arguing Canizales agreed to the upper term of three years as part of his plea agreement. We affirm.

---

[1]     Undesignated statutory references are to the Penal Code.

# FACTUAL AND PROCEDURAL BACKGROUND

A.     *Canizales Is Charged and Convicted*

Los Angeles County Sheriff's Deputy Brandon Tom observed Canizales driving a white car speeding through a residential area and running red lights.  When Deputy Tom attempted to stop Canizales, Canizales drove onto the freeway at 80 or 85 miles an hour, wove in and out of traffic, and crashed.  After the crash, Canizales got out of his car and ran.  Deputy Tom told Canizales to stop, but Canizales ignored his commands and ran away.  Canizales later said he fled because he was on parole and driving on a suspended license.

The People charged Canizales with one count of fleeing or attempting to elude a pursuing peace officer while driving a vehicle in willful or wanton disregard for the safety of persons or property (Veh. Code, § 2800.2, subd. (a)), and alleged he had a prior serious or violent felony conviction within the meaning of the three strikes law (§§ 667, subds. (b)-(j), 1170.12, subds. (a)-(d)).  Canizales agreed to a negotiated disposition that called for him to plead no contest to the charge; the court to impose the upper term of three years, suspend execution of the sentence, and place Canizales on formal probation for two years; and the People to move to strike the prior serious or violent felony conviction allegation.  At the plea hearing, the trial court confirmed Canizales understood he was agreeing to the upper term of three years in prison.  The prosecutor, at the court's direction, told Canizales that the court would sentence him to the upper term of three years in prison.  The prosecutor stated: "That's the maximum sentence for the charge, but [the court] will suspend execution of the sentence, meaning that you wouldn't go

3

to state prison right now.  Instead, you will be placed on probation for two years.  Do you understand that?"  Canizales said, "Yes."  The court asked, "Is there anything you want to ask your attorney before the prosecutor takes your plea?"  Canizales said, "No."

The court accepted Canizales's plea, found him guilty, and pursuant to the parties' agreement sentenced him to the upper term of three years, with execution of the sentence suspended. The court placed Canizales on probation and ordered him, among other things, to enter and complete a six-month residential drug treatment program (to be followed by recovery bridge housing and outpatient treatment); not to use or possess narcotics, alcohol, or marijuana; not to associate with known users or sellers of narcotics except in a valid rehabilitation program; and to avoid places where known users and sellers of narcotics and alcohol congregate.  On the People's motion, the court dismissed the allegation Canizales had a prior serious or violent felony conviction.

B.  *Canizales Violates Probation, and the Trial Court Imposes the Suspended Sentence*

Canizales violated the terms and conditions of his probation almost immediately by leaving the treatment center early.  After he was arrested on a bench warrant and brought to court, he admitted the violation.  Counsel for Canizales asked the court to give Canizales another opportunity to receive treatment. The court denied the request because Canizales left the program after only two weeks and did not maintain contact with his probation officer or the court.

Turning to sentencing, counsel for Canizales argued that under the amendments to section 1170, subdivision (b), which require the trial court to impose a sentence that does not exceed the middle term unless the defendant stipulates to the facts supporting circumstances in aggravation or a jury finds those facts true beyond a reasonable doubt, the court could not sentence Canizales to the upper term. The prosecutor argued the court should impose the upper term because Canizales had agreed to it as part of the negotiated disposition: "I believe that the disposition that was reached before the current version of [section 1170, subdivision (b),] came into effect, the negotiated disposition, was for [a] probationary sentence with three years. He was actually sentenced to three years in state prison, but execution of the sentence was suspended, and he was placed on probation. So he already agreed to [the upper] term." In addition, citing section 1170, subdivision (b)(4),[2] the prosecutor argued in the alternative, "in an abundance of caution . . . in the

---

[2]     Which states: "At least four days prior to the time set for imposition of judgment, either party or the victim, or the family of the victim if the victim is deceased, may submit a statement in aggravation or mitigation to dispute facts in the record or the probation officer's report, or to present additional facts. The court may consider the record in the case, the probation officer's report, other reports, including reports received pursuant to Section 1203.03, and statements in aggravation or mitigation submitted by the prosecution, the defendant, or the victim, or the family of the victim if the victim is deceased, and any further evidence introduced at the sentencing hearing." Section 1203.03 refers to a "diagnosis and recommendation concerning the disposition of defendant's case" prepared for the court by the Department of Corrections and Rehabilitation. (§ 1203.03, subd. (b).)

5

event a different court says you have to," the court should impose the upper term because, on the merits, the aggravating circumstances outweighed the mitigating circumstances.

The trial court denied Canizales's request to reinstate probation. The court stated Canizales had "a great opportunity to address" his substance abuse issues, but left the program in less than two weeks and failed to return to court or maintain contact with his probation officer until he was arrested on a warrant. The court stated Canizales "had an opportunity to do the treatment and an opportunity in the months prior to being picked up on the warrant to come back to court, contact his lawyer, address this somehow, but didn't do so. So the court is unwilling to reinstate probation."

The trial court stated it was "persuaded by the People's analysis that the court can consider aggravating factors under [section 1170, subdivision (b)(4),] as well as mitigating factors, as well as prior history. And Mr. Canizales has a very significant history, was on parole at the time for what looks to be a serious robbery given the sentence that was imposed." The court found as aggravating circumstances that Canizales had "prior convictions as an adult or adjudications of commissions of crimes as a juvenile" that were "numerous or of increasing seriousness," that he had "served a prior prison term," that he was on probation or parole when he committed the crime, and that his "prior performance on probation or parole was unsatisfactory." (See Cal. Rules of Court, rule 4.421(b)(2)-(5).) As a mitigating circumstance, the court considered that Canizales attended several voluntary programs while in custody. Finding the aggravating factors outweighed the mitigating factors, the court sentenced Canizales to the upper term of three years.

## DISCUSSION

A.     *The Legislature Amends Section 1170, Subdivision (b)*

Effective January 1, 2022, the Legislature amended section 1170, subdivision (b), to state: "(1) When a judgment of imprisonment is to be imposed and the statute specifies three possible terms, the court shall, in its sound discretion, order imposition of a sentence not to exceed the middle term, except as otherwise provided in paragraph (2). (2) The court may impose a sentence exceeding the middle term only when there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term, and the facts underlying those circumstances have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." Section 1170, subdivision (b)(3), allows the court to "consider the defendant's prior convictions in determining sentencing based on a certified record of conviction without submitting the prior convictions to a jury." (See *People v. Flowers* (2022) 81 Cal.App.5th 680, 685, review granted Oct. 12, 2022, S276237.)

B.     *Any Error in Imposing the Upper Term Was Harmless*

Canizales argues, the People concede, and we agree the Legislature's amendments to section 1170, subdivision (b), were an ameliorative change that applies retroactively to nonfinal judgments under *In re Estrada* (1965) 63 Cal.2d 740, 742 because they limit the trial court's discretion to impose the upper term. (See *People v. Lopez* (2022) 78 Cal.App.5th 459, 465 [the "ameliorative amendments to section 1170, subdivision (b) apply

7

retroactively to all cases not yet final as of January 1, 2022"]; *People v. Flores* (2022) 73 Cal.App.5th 1032, 1039 ["the amended version of section 1170, subdivision (b) that became effective on January 1, 2022, applies retroactively in this case as an ameliorative change in the law applicable to all nonfinal convictions on appeal"]; see also *People v. Esquivel* (2021) 11 Cal.5th 671, 674 ["'The amendatory act imposing the lighter punishment can be applied constitutionally to acts committed before its passage provided the judgment convicting the defendant of the act is not final.'"].)  Where the defendant is on probation with a suspended sentence and can appeal an order revoking probation, the case is not final for purposes of applying the ameliorative legislation.  (*Esquivel*, at p. 673.)  But that does not mean Canizales is necessarily entitled to a new sentencing hearing.  (See *People v. Stamps* (2020) 9 Cal.5th 685, 700 (*Stamps*) ["The *Estrada* rule only answers the question of *whether* an amended statute should be applied retroactively. It does not answer the question of how that statute should be applied."].)

"The Courts of Appeal are split on whether a defendant . . . who received the upper term under a plea agreement for a stipulated sentence is entitled to a remand under [the amendments to section 1170, subdivision (b)], and the issue is pending before the Supreme Court."[3]  (*People v. Fox* (2023) 90 Cal.App.5th 826, 830; compare *id.* at pp. 833-834 [defendant is entitled to a remand that follows the procedure prescribed by the Supreme Court in *Stamps*] and *People v. Todd* (2023) 88 Cal.App.5th 373, 381-382 [same], review granted Apr. 26,

_____

[3]    In *People v. Mitchell* (2022) 83 Cal.App.5th 1051, review granted Dec. 14, 2022, S277314.

2023, S279154 with *People v. Sallee* (2023) 88 Cal.App.5th 330, 340-341 [defendant is not entitled to a remand], review granted Apr. 26, 2023, S278690 and *People v. Mitchell* (2022) 83 Cal.App.5th 1051, 1057-1059 [same], review granted Dec. 14, 2022, S277314.)  Until the Supreme Court resolves the issue, and because counsel for Canizales at oral argument disclaimed any request for a *Stamps*-like remand, we follow *Sallee* and *Mitchell* here.

"A plea agreement is, in essence, a contract between the defendant and the prosecutor to which the court consents to be bound.  [Citation.]  Should the court consider the plea bargain to be unacceptable, its remedy is to reject it, not to violate it, directly or indirectly.  [Citation.]  Once the court has accepted the terms of the negotiated plea, [it] lacks jurisdiction to alter the terms of a plea bargain so that it becomes more favorable to a defendant unless, of course, the parties agree." (*People v. Prudholme* (2023) 14 Cal.5th 961, 973, internal quotation marks omitted; see *Stamps*, *supra*, 9 Cal.5th at p. 701.)  "When a guilty [or no contest] plea is entered in exchange for specified benefits such as the dismissal of other counts or an agreed maximum punishment, both parties, including the state, must abide by the terms of the agreement." (*People v. Segura* (2008) 44 Cal.4th 921, 930-931; see *People v. Wright* (2019) 31 Cal.App.5th 749, 754.)  When the court approves a plea agreement, the court must impose the sentence the agreement specifies.  (*Stamps*, at p. 701; see § 1192.5, subd. (b) [when a "plea is accepted by the prosecuting attorney in open court and is approved by the court, . . . the court may not proceed as to the plea other than as specified in the plea"]; *People v. Pixley* (2022) 75 Cal.App.5th 1002, 1005 ["'When a defendant who enters into a plea also

9

agrees to a stipulated sentence, upon accepting the plea, the trial court may not proceed as to the plea other than as specified in the plea.'"]; *People v. Cunningham* (1996) 49 Cal.App.4th 1044, 1047 ["a judge who has accepted a plea bargain is bound to impose a sentence within the limits of that bargain"].)

Thus, had the court at the probation violation hearing sentenced Canalizes to the upper term of three years based on the plea agreement, the court would not have exercised any discretion in selecting the lower, middle, or upper term. (See *People v. Mitchell*, *supra*, 83 Cal.App.5th at pp. 1057-1058 [when the trial court sentences a defendant pursuant to a negotiated plea agreement, the court has "no opportunity to exercise any discretion in deciding whether the imposition of the upper, middle, or lower term would best serve 'the interests of justice'"], review granted; *People v. Brooks* (2020) 58 Cal.App.5th 1099, 1109 ["'when a trial court sentences a defendant who has agreed to a stipulated sentence for a term of years, the trial court exercises no discretion to decide between an upper, middle and lower term and may not consider factors in mitigation and aggravation'"].) Rather, the court would have imposed the sentence the parties specified in the negotiated plea agreement. (See *People v. Prudholme*, *supra*, 14 Cal.5th at p. 971; *People v. King* (2020) 52 Cal.App.5th 783, 790-791; *People v. Segura*, *supra*, 44 Cal.4th at p. 931.) Had the trial court done that, Canizales would not have been entitled to resentencing under section 1170, subdivision (b). As the court stated in *People v. Sallee*, *supra*, 88 Cal.App.5th 330, review granted: "Defendant agreed to a stipulated sentence pursuant to a negotiated plea agreement, and the trial court approved the agreement and imposed the agreed-upon sentence. The trial court did not exercise discretion to

10

choose an upper, middle, or lower determinate term based on factors in mitigation and aggravation.  Nor could the court exercise discretion to choose an alternative term based on factors in mitigation and aggravation without effectively withdrawing its approval of the plea.  The trial court therefore did not, and could not, exercise discretion under section 1170, subdivision (b).  Under the plain language of the statute, the limitations on the court's sentencing discretion set forth in section 1170, subdivision (b), are inapplicable in this context." (*Sallee*, at p. 340.)

But the reason the trial court gave for resentencing Canizales to the upper term was not that the court-approved plea agreement called for it.  Instead, the court considered various aggravating and mitigating circumstances in California Rules of Court, rules 4.421 and 4.423, found the aggravating factors outweighed the mitigating factors, and purported to (again) select the upper term of three years.  That is exactly the kind of judicial factfinding section 1170, subdivision (b), prohibits.  (See *People v. Gaines* (2023) 93 Cal.App.5th 91, 142 [under section 1170, subdivision (b), an "upper term may be imposed when justified by aggravating circumstances and the facts underlying those circumstances have been stipulated to by the defendant or found true by a jury or by the judge in a court trial"]; *People v. Govan* (2023) 91 Cal.App.5th 1015, 1020, fn. 2 ["Under the amendments [to section 1170, subdivision (b)], the trial court must impose a sentence that does not exceed the middle term unless the defendant stipulates to the facts supporting the circumstances in aggravation, a jury or a judge in a court trial finds the aggravating facts true beyond a reasonable doubt, or a prior conviction supports imposition of the upper term."]; *People v.*

11

*Dunn* (2022) 81 Cal.App.5th 394, 405 ["as section 1170 requires all aggravating circumstances relied upon by the trial court to meet the requirements of section 1170, subdivision (b)(2) or (3), unless imposition of the upper term . . . was harmless, the sentence must be vacated and the matter must be remanded to the trial court for resentencing in compliance with section 1170, subdivision (b)"], review granted Oct. 12, 2022, S275655.) That was error.

The trial court's error, however, was harmless (under any standard)[4] because the court had already sentenced Canizales to the upper term and suspended execution of that sentence. (See *People v. Falcon* (2023) 92 Cal.App.5th 911, 927 ["In the context of upper term sentences imposed under section 1170, former subdivision (b), most courts have employed some type of harmless error analysis to determine whether resentencing is unnecessary under the new law."], review granted Sept. 13, 2023, S281252; *People v. Lopez*, *supra*, 78 Cal.App.5th at p. 465 ["where a sentencing factor must be found true by a jury beyond a reasonable doubt and the court fails to submit that factor to the jury, the error in the court's reliance on that fact may be subject to harmless error review as to whether the lack of a finding by the jury was prejudicial"].) Once Canizales admitted he violated probation and the court declined to reinstate probation, the court had no discretion to impose any sentence other than the three-year upper term. "When the initial sentencing court imposes a

---

[4]     The Supreme Court has granted review in *People v. Lynch* (May 27, 2022, C094174) [nonpub. opn.], review granted Aug. 10, 2022, S274942, to decide what standard of prejudice a reviewing court should apply when determining whether to remand a case for resentencing under amended section 1170, subdivision (b).

12

state prison sentence but stays execution of the sentencing pending completion of probation, on a subsequent violation of probation the court does not have discretion to change the previously indicated sentence." (*People v. Stuckey* (2009) 175 Cal.App.4th 898, 916; see *People v. Scott* (2014) 58 Cal.4th 1415, 1422 ["a trial court does not have power to modify a previously imposed and suspended sentence when it later revokes probation and orders the sentence executed"]; *People v. Howard* (1997) 16 Cal.4th 1081, 1088 ["[o]n revocation of probation, if the court previously had imposed sentence, the sentencing judge must order that exact sentence into effect"]; *People v. Smith* (2019) 35 Cal.App.5th 399, 404 ["A court that has previously imposed but suspended the execution of a sentence is bound to impose that very same sentence."].) If we were to remand the case for resentencing, the court would have to impose the upper term again.

Moreover, when Canizales agreed to the plea, he agreed to be bound by it and not to subsequently challenge the existence of any fact necessary to support his conviction and sentence. (See *People v. Hester* (2000) 22 Cal.4th 290, 295 ["[w]here the defendants have pleaded guilty in return for a specified sentence, appellate courts will not find error even though the trial court acted in excess of jurisdiction in reaching that figure, so long as the trial court did not lack fundamental jurisdiction"]; Cal. Rules of Court, rule 4.412(a) ["[i]t is an adequate reason for a sentence or other disposition that the defendant, personally and by counsel, has expressed agreement that it be imposed and the prosecuting attorney has not expressed an objection to it"].) By pleading no contest, Canizales avoided the potential of receiving a longer prison term under the three strikes law and

13

(initially) avoided serving any time in prison when the court placed him on probation.  Where, as here, the "'defendant maintains that the trial court's sentence violates rules which would have required the imposition of a more lenient sentence, yet the defendant avoided a potentially harsher sentence by entering into the plea bargain, it may be implied that the defendant waived any rights under such rules by choosing to accept the plea bargain.'"  (*People v. Jones* (2013) 217 Cal.App.4th 735, 744; see *People v. Buttram* (2003) 30 Cal.4th 773, 776 ["'defendants are estopped from complaining of sentences to which they agreed'"].)

## DISPOSITION

The judgment is affirmed.

SEGAL, J.

We concur:


PERLUSS, P. J.              MARTINEZ, J.

14