Filed 10/10/24  P. v. James CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yuba)

----

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>NICHOLAS CHRISTOPHER JAMES,<br><br>        Defendant and Appellant. | C099920<br><br>(Super. Ct. Nos. CRF23-01825<br>& CRF23-01829) |

Defendant Nicholas Christopher James appeals from a judgment entered after he pleaded no contest to bringing marijuana into a juvenile rehabilitation facility, assaulting a custodial officer, and vandalism.  Defendant contends the assault and vandalism counts arose from the same activity and therefore the trial court should have stayed punishment on one of the charges pursuant to Penal Code section 654.[1]

---

[1]    Undesignated statutory references are to the Penal Code.

1

Pursuant to the parties' plea agreement, we will order a charge dismissed. We will otherwise dismiss defendant's appeal because he failed to obtain a certificate of probable cause and his appeal challenges the validity of his plea.

FACTUAL AND PROCEDURAL BACKGROUND

In July 2023, while defendant was in a juvenile rehabilitation facility, marijuana was found in defendant's sock. Later that month, defendant threatened a correctional officer and kicked a door so hard that it split at the handle.

In Yuba County Superior Court case No. CRF23-01825 (case No. 01825), defendant was charged in July 2023 with bringing a controlled substance into a juvenile rehabilitation facility (§ 4573, subd. (a); count I) and possession of marijuana in a juvenile rehabilitation facility (§ 4573.6, subd. (a); count II).

That same month, defendant was charged in Yuba County Superior Court case No. CRF23-01829 (case No. 01829) with assault upon a custodial officer (§ 241.1; count I) and felony vandalism (§ 594, subd. (a); count II).

In September 2023, defendant pleaded no contest to count II in case No. 01825 and to counts I and II in case No. 01829. The parties agreed that the aggregate prison sentence would be capped at four years four months, or the middle term on each of the three counts, as follows: Three years (the middle term) on count II in case No. 01825 and eight months consecutive (one-third the middle term of two years) on each of counts I and II in case No. 01829. Defendant initialed next to the "mid-term cap" on the plea agreement forms in both cases. In addition, count I in case No. 01825 would be dismissed. There is nothing in the record indicating the trial court subsequently addressed count I in case No. 01825.

The November 2023 probation report recommended an aggregate prison sentence of four years four months, with the midterm of three years in case No. 01825 and eight months (one-third the midterm) consecutive for each of the two counts in case No. 01829. The probation report noted, "Consecutive sentencing is appropriate [in case No. 01829]

2

as counts I and II were predominantly independent of each other. Consecutive sentencing is also appropriate in [case No. 01825] as both cases were predominately independent of each other and occurred at separate times."

During the November 2023 sentencing hearing, defendant asked to be placed on probation. In the alternative, he asked the court to impose a two-year eight-month aggregate prison sentence, as follows: (1) in case No. 01825 the low term of two years for count II based on him being younger than 26 years old at the time of the crime, and (2) in case No. 01829 eight months consecutive (one-third the middle term) for one of the counts and eight months concurrent (one-third the middle term) for the other count. Without specifying his argument was pursuant to section 654, defendant argued the counts arose from the same course of conduct. The prosecution argued that the middle term was appropriate but did not address whether the counts in case No. 01829 should run concurrently.

The trial court denied probation and sentenced defendant to an aggregate state prison term of four years four months, as follows: (1) in case No. 01825 three years for count II, and (2) in case No. 01829 eight months consecutive for each of counts I and II. The court specifically found that the two offenses in case No. 01829 were separate and therefore separately punishable.

Defendant did not obtain a certificate of probable cause on appeal.

DISCUSSION

I

As a preliminary matter, our review of the record revealed that the trial court failed to dismiss the remaining charge (count I) in case No. 01825 as had been agreed between the parties. In the interests of judicial economy, we will order this count dismissed. (See *People v. Panizzon* (1996) 13 Cal.4th 68, 80 [both parties must abide by the terms of a plea agreement].)

3

II

"In general, a defendant may appeal from a final judgment of conviction, unless otherwise limited by sections 1237.1 and 1237.5." (*People v. Maultsby* (2012) 53 Cal.4th 296, 298-299, citing § 1237 & Cal. Rules of Court, rule 8.304(b).)[2] Under section 1237.5, "an appeal may not be taken after a plea of guilty or no contest unless the defendant has filed a statement showing reasonable grounds for appeal and the trial court has executed and filed a certificate of probable cause. This requirement does not apply, however, if the appeal is based upon grounds that arose after entry of the plea and that do not affect the validity of the plea." (*People v. French* (2008) 43 Cal.4th 36, 43.)

" 'In determining whether section 1237.5 applies to a challenge of a sentence imposed after a plea of guilty or no contest, courts must look to the substance of the appeal: "[T]he crucial issue is what the defendant is challenging, not the time or manner in which the challenge is made." [Citation.] Hence, the critical inquiry is whether a challenge to the sentence is in substance a challenge to the validity of the plea, thus rendering the appeal subject to the requirements of section 1237.5.' " (*People v. French, supra*, 43 Cal.4th at p. 44, italics omitted.)

In *People v. Shelton* (2006) 37 Cal.4th 759, the defendant pleaded guilty to two of the charged counts and agreed to a maximum sentence of three years and eight months in exchange for dismissal of the remaining four counts. (*Id.* at pp. 763-764.) During the sentencing hearing, defense counsel urged that section 654 applied to the two counts, and the prosecutor replied that the parties had agreed to a lid sentence, and defendant's argument about section 654 was unexpected. (*Shelton, supra*, at p. 764.) The trial court sentenced defendant to the maximum term. (*Id.* at pp. 763-764.) On appeal, the defendant argued section 654 applied to the two counts, but our Supreme Court found

---

**2**     Undesignated rule references are to the California Rules of Court.

4

this was an attack on the validity of his plea and required a certificate of probable cause. (*Shelton*, at p. 769.) The court reasoned that, when the defendant agreed to the sentence lid, he agreed that, although he was entitled to ask the trial court to exercise its discretion to impose a sentence less than the specified maximum, he could not argue that the trial court lacked authority to impose the specified maximum sentence. (*Id.* at p. 768.) The appropriate remedy was to dismiss defendant's appeal. (*Id.* at p. 771.)

Defendant argues he should be permitted to raise his section 654 argument on appeal because he raised it during the sentencing hearing at the trial court, and because the probation department "commented on the applicability of section 654." According to defendant, the plea was actually an open one, since this was not a global resolution, and the trial court was only entitled to sentence defendant to eight months for each count in case No. 01829 under the consecutive sentencing rules.

Despite defendant's contentions, it is unclear whether defendant actually raised the issue during the sentencing hearing by asking for concurrent sentences in case No. 01829, given that section 654 requires a trial court to impose and *stay* sentence on any relevant counts when section 654 applies. (*People v. Alford* (2010) 180 Cal.App.4th 1463, 1466.)

Regardless, the critical issue is what the parties recited during the change of plea hearing. (See *People v. Shelton, supra*, 37 Cal.4th at pp. 764, 770-771 [dismissing the defendant's appeal because the defendant waited until the sentencing hearing to argue that a lower sentence was appropriate because section 654 applied]; see also *People v. Jones* (2013) 217 Cal.App.4th 735, 743, 746 [where the defendant (who obtained a certificate of probably cause on appeal) agreed to a sentence lid as part of a plea agreement, rule 4.412(b) prohibits him from arguing on appeal that the trial court violated section 654 " 'unless that claim is asserted at the time the agreement is recited on the record' "].)

As in *Shelton*, defendant here pleaded guilty to only some of the charges pending against him in case Nos. 01825 and 01829, in exchange for an aggregate maximum

sentence of four years four months.  The parties confirmed this sentence lid on the record during the change of plea hearing and in the plea agreement, with no mention of defendant reserving the right to argue any subsequent sentence was unauthorized pursuant to section 654.  Accordingly, just as in *Shelton*, it is appropriate to dismiss the portion of defendant's appeal arguing that section 654 applies.

## DISPOSITION

The judgment is modified to dismiss count I in case No. 01825.  The appeal is otherwise dismissed.


_____\s\_____,
Krause, Acting P. J.



We concur:



_____\s\_____,
Boulware Eurie, J.



_____\s\_____,
Feinberg, J.